ROSEMARY A. SMITH ET AL *v.* CIRCUIT COURT OF WHITE COUNTY, ARK., ELMO TAYLOR, JUDGE

5-5317                                                    459 S. W. 2d 61

Opinion delivered October 26, 1970

*Gordon, Gordon & Eddy,* for petitioners.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for respondent.

CARLETON HARRIS, Chief Justice. This is a petition for a writ of prohibition. On June 22, 1968, Rosemary A. Smith was operating her car on U. S. Highway 64 in Conway County, Arkansas, her sister, Anita Smith, fifteen years of age, riding with her. The vehicle was involved in a wreck with Charles C. Kirk, a resident of White County, and on June 26, 1968, Kirk instituted suit in the Circuit Court in White County against Rosemary and Anita Smith, seeking damages for personal injuries and property damage. A summons was issued by the Circuit Clerk of White County directed to the Sheriff of Conway County, and said summons was placed in the hands of that sheriff on the same day. On June 28, Cecil Baker, a deputy sheriff of Conway County, served the summons on Anita Smith, and delivered a copy of the summons to the mother of Rosemary A. Smith at the home of the mother, in Springfield, Conway County, Arkansas. The deputy sheriff's return reflected that a summons was personally delivered to her in Conway County. Thereafter, petitioners, appearing specially, moved to quash the service, contending that Rosemary A. Smith was a resi-

dent of Pulaski County and the service obtained was not valid; that Anita Smith was a passenger in the car with her sister, and though Kirk's complaint asserted that the two Smith girls were engaged in a joint enterprise, such allegation was only a conclusion, and no facts had been stated wherein Anita Smith could be found to have been engaged in a joint enterprise with her sister. A motion was likewise filed by Rosemary A. Smith, appearing specially in support of the motion to quash service, setting out that the deputy sheriff's return erroneously reflected that a summons was personally delivered to Miss Smith in Conway County; that said return was in error and should be amended to reflect the truth. The affidavit of the deputy sheriff was attached for the purpose of showing just exactly what had happened. The affidavit sets out that Baker had served the summons by delivering a copy and stating the substance thereof to Mrs. W. A. Smith, Jr., mother of Rosemary, at the home of Mrs. Smith in Conway County. The White County Circuit Court ordered the return of summons amended in accordance with the affidavit, but after hearing the testimony of Baker, the testimony of Mrs. W. A. Smith, Jr., Rosemary A. Smith and Anita Smith, overruled the motion to quash, holding that the service obtained was valid. Thereafter, Rosemary A. Smith and Anita Smith petitioned this court for a Writ of Prohibition asking that the Circuit Court of White County be prohibited from proceeding further with this case.

The law on this subject has long been established in this state, and there are innumerable cases passing upon the question which is now presented to us. Perhaps our holdings have been most clearly expressed in the case of *LaFargue v. Waggoner*, 189 Ark. 757, 75 S. W. 2d 235, where quoting an earlier case, *Merchants' and Planters' Bank v. Hammock*, 178 Ark. 746, 12 S. W. 2d 421, we said:

"It is well settled that, if the existence or nonexistence of jurisdiction depends on contested facts which the inferior court is competent to inquire into

and determine, a writ of prohibition will not be granted, although the superior court should be of the opinion that the claims of fact had been wrongfully determined by the lower court, and, if rightfully determined, would have ousted the jurisdiction."

In *Merchants' and Planters' Bank* v. *Hammock, Supra,* Chief Justice Hart also stated, quoting from a Kentucky case:[1]

"If we should lay down the rule that application by original proceedings might be made to us to stay the hand of the inferior jurisdictions, whenever, in the opinion of counsel, the ruling was prejudicial, although it might not leave the complainant without adequate remedy, we would have much of our time occupied in the settlement of questions that could be brought before us in the regular way by appeal. Inferior courts would be obstructed in the hearing and disposal of cases, and much confusion and uncertainty would follow."

In the case before us, Rosemary Smith testified that she had been employed by Southwestern Bell Telephone Company in Little Rock for over two years, and that she presently lived in an apartment in Little Rock, and was living in that apartment at the time of the accident; that she frequently went to Conway County on week-ends, but not every week-end; that she voted in Conway County; that at the time of the accident, she had been to Morrilton for a dental appointment. She said that her sister simply accompanied her and had not asserted or attempted to assert any control over the automobile. Anita testified that her sister was the owner of the car and that she (Anita) made no statements to Rosemary concerning her driving in any manner whatsoever.

The cited cases make it clear that, even if we thought the trial court had held erroneously, prohibition would not be granted. If it develops that the

---

[1]*Rush* v. *Denhart,* 138 Ky. 245, 127 S. W. 787, Ann. Cas. 1912A, 1199.

White County Circuit Court is without jurisdiction, petitioners have an adequate remedy by appeal.

Writ denied.