**Mrs. Joyce BEAVER, Appellant,**

v.

**JACUZZI BROTHERS, INC., Appellee.**

No. 71–1265.

United States Court of Appeals,
Eighth Circuit.

Jan. 17, 1972.

Floyd J. Lofton, Little Rock, Ark., for appellant.

Chester C. Lowe, Jr., Teague, Bramhall, Davis & Plegge, Little Rock, Ark., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.

PER CURIAM.

In this diversity case, plaintiff appeals from the dismissal of her negligence suit against Jacuzzi Brothers, Inc.

285

The District Court held plaintiff's sole remedy was under the Arkansas Workmen's Compensation Law, 7A Ark.Stat. Ann. 81–1304 (1960 Repl.). Plaintiff worked for Kelly Girl, Inc., a company whose business was supplying temporary workers to other businesses. She was injured (slipping on a greasy spot on the floor) while on temporary assignment to Jacuzzi Brothers, having worked there approximately two weeks prior to the accident. She claimed and received workmen's compensation benefits from Kelly Girl.

Plaintiff claims that Jacuzzi Brothers was not her employer and that she has a common law tort action against Jacuzzi Brothers. The District Court, Honorable Garnett Thomas Eisele, found that the plaintiff "was the employee of Jacuzzi at the time of the accident within the meaning of the Workmen's Compensation Act," and that there was no material issue of fact in that regard. The predicate for the finding was the right of control of the performance of the work of the temporary employee. This finding and analysis is in accord with all of the decisional law on this issue. There are no Arkansas cases in point but all of the following cases that have considered this question are in accord with the District Court's finding. St. Claire v. Minnesota Harbor Service, Inc., 211 F.Supp. 521 (D.Minn. 1962); Hamilton v. Shell Oil Co., 233 So.2d 179 (Fla.App.), cert. denied, 237 So.2d 762 (Fla.1970); Renfroe v. Higgins Rack Coating and Mfg. Co., Inc., 17 Mich.App. 259, 169 N.W.2d 326 (1969); Wright v. Habco, Inc., 419 S.W.2d 34 (Mo.1967); Daniels v. MacGregor Co., 2 Ohio St.2d 89, 206 N.E.2d 554 (1965); Chickachop v. Manpower, Inc., 84 N.J. Super. 129, 201 A.2d 90 (1964).

As a matter of common experience and of present business practices in our economy, it is clear that an employee may be employed by more than one employer even while doing the same work. Biggart v. Texas Eastern Trans-mission Corp., 235 So.2d 443, 445 (Miss. 1970).

As Jacuzzi Brothers was an employer within the meaning of the statute, plaintiff's sole remedy is that provided by the Workmen's Compensation Law.

Judgment affirmed.