VILLAGE CREEK IMPROVEMENT DISTRICT OF
LAWRENCE COUNTY et al. *v.* Bentley E. STORY,
Chancellor on Assignment

85-100                                         697 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered October 21, 1985

*Ponder & Jarboe*, for appellant.

*Bill W. Bristow, P.A.*, for appellee.

GEORGE ROSE SMITH, Justice. This is a petition filed under Rule 16 to prohibit the respondent, as chancellor, from enforcing an interlocutory order which he entered in a pending case. We must refuse to issue the requested writ of prohibition, because the petition is in substance an attempt to obtain a review of a non-appealable interlocutory order.

The principal petitioner, Village Creek Improvement District of Lawrence County, was organized by a circuit court order in 1977, apparently to clean out an existing system of drainage ditches. The work, however, was not undertaken promptly. In 1981 the circuit court entered an uncontested order confirming the assessment of benefits and levying an annual tax to be used first to pay $30,000 in preliminary expenses and then to maintain

the system of ditches.

The tax initially levied was paid by some landowners, four of whom join in this petition for prohibition, but other landowners protested the tax and refused to pay it. The district brought suit in the chancery court to collect the delinquencies, by foreclosure. The record before us, consisting of the petition and its exhibits, is not complete. Apparently the chancellor had cause to believe that the project had originally been planned to include lands in three counties and that there may have been constructive fraud when the same assessment of benefits was used for a district that actually includes lands lying only in Lawrence County. The chancellor wanted more information about the possibility of constructive fraud and therefore ordered that an expert study be made, with its cost to be paid from the taxes already collected.

In seeking a writ of prohibition to prevent the trial court from putting its order into effect the petitioners argue that a chancery court is without jurisdiction to order that taxes collected for one purpose be spent for some other purpose. Cases are cited for the principle frequently followed, that taxes specifically levied for a particular purpose cannot be diverted to another purpose without the consent of the taxpayers.

We recognize the rule of law, but it is a rule that governs the expenditure of public money; it does not affect the jurisdiction of the courts. Jurisdictionally, the Lawrence Chancery Court unquestionably has jurisdiction over the district's suit to collect its taxes and over the parties to that suit. What the petitioners are really contending is that the chancellor's decision to order an investigation at the district's expense was wrong and should be reversed.

That contention may prove to be correct, but it does not follow that a writ of prohibition can be substituted for the normal remedy by appeal. We have held that the writ of prohibition cannot be so used. In *Harris Distributors* v. *Marlin*, 220 Ark. 621, 249 S.W.2d 3 (1952), a widow and children brought a wrongful death action against several defendants. When the plaintiffs discharged the liability of one defendant by obtaining and satisfying a separate judgment against him, the codefendants argued that their liability had also been discharged and that further action in the case should be prohibited. We disagreed.

After pointing out that the writ of prohibition is proper in situations in which the trial court has no jurisdiction of the persons or of the subject matter, we went on to say:

> It is in such situations that the writ is appropriate. If it were used to stay the proceeding in the trial court whenever counsel thought a ruling to be erroneous, much of our time would be occupied in the piecemeal settlement of questions that should be presented by appeal, and the trial courts would be unduly hampered in the disposition of their cases.

Another of our cases to the same effect is *Vale v. Huff*, 228 Ark. 272, 306 S.W.2d 861 (1957). That was a suit for personal injuries attributed to a defective automobile. The trial judge granted the defendants' request under the discovery laws for permission to take the defective automobile parts to Detroit, for examination. No doubt the defendants argued that they would have no remedy if the parts were lost or destroyed, just as the present petitioners argue that they will have no remedy if the tax money is spent pursuant to the chancellor's order. In both cases, however, the remedy is by appeal. We quote from the *Vale* opinion:

> [T]he [federal] courts have repeatedly held that an order for discovery under Rule 34 is interlocutory and not appealable, and a writ of prohibition will not lie. "An order for discovery under this Rule is interlocutory and not appealable, but is reviewable only on appeal from the final judgment. An appellate court will not issue a writ of prohibition against a trial judge who in the exercise of his discretion has granted discovery." Barron and Holtzoff, Federal Practice & Procedure, Vol. 2, § 803.

The petitioners have the burden of showing that they are clearly entitled to proceed by prohibition rather than by appeal. *Karraz v. Taylor*, 259 Ark. 699, 535 S.W.2d 840 (1976). That showing has not been made.

Writ denied.

PURTLE, J., not participating.