Stephen P. ISELY *v.* Susan ISELY

85-247                                                700 S.W.2d 49

Supreme Court of Arkansas
Opinion delivered December 9, 1985

*Mark Cambiano*, for petitioner.

*Mobley & Smith*, by: *William F. Smith*, for respondent.

JACK HOLT, JR., Chief Justice. Stephen Isely filed a Petition for Writ of Prohibition challenging the jurisdiction of the Pope Chancery Court to hear a divorce suit brought against him by the respondent, Susan Isely. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(f).

The Isleys were married in April, 1978 and lived in Morrilton, Conway County, Arkansas, until April, 1985. When they separated on April 15, 1985, Mrs. Isely returned to her parent's home in Pope County and Mr. Isely remained in Morrilton. Mrs. Isely filed for divorce on April 17,1985 in Pope Chancery Court. Mr. Isely filed a motion to dismiss the action, claiming that Mrs. Isely did not reside in Pope County and venue, therefore, lay in Conway County. After a hearing on the venue question, the chancellor denied the motion to dismiss. Mr. Isely subsequently filed this Petition.

 The Writ of Prohibition must be denied. Venue in a divorce proceeding lies "in the county where the complainant resides." Ark. Stat. Ann. § 34-1204 (Supp. 1985). Mrs. Isely's residence was disputed by the parties. We have consistently held that, not only is a writ of prohibition an extraordinary and discretionary writ, but it is only granted "when the lower court is wholly without jurisdiction, *there are no disputed facts*, there is no adequate remedy otherwise, and the writ is clearly warranted." (emphasis added) *Miller* v. *Lofton, Judge*, 279 Ark. 461, 652 S.W.2d 627 (1983). We recently stated in *Statewide Health Coordinating Council* v. *Circuit Court of Pulaski County*, 287 Ark. 84, 696 S.W.2d 729 (1985):

if the existence or non-existence of jurisdiction depends on contested facts which the Circuit Court is competent to inquire into and determine, a Writ of Prohibition will not be granted, though this Court may be of the opinion that the questions of fact have been wrongly determined by the Circuit Court and that their correct determination would have ousted the jurisdiction.

Where, as here, the residence of a party is a disputed fact, prohibition will not lie. *See Murry* v. *Maner*, 230 Ark. 132, 320 S.W.2d 940 (1959); *Twin City Lines, Inc.* v. *Cummings, Judge*, 212 Ark. 569, 206 S.W.2d 438 (1947).

Accordingly, the writ is denied.

PURTLE, J., not participating.