Eddie DANIELS *v.* RILEY'S HEALTH AND FITNESS CENTERS, d/b/a Little Rock Athletic Club

92-116                                               840 S.W.2d 177

Supreme Court of Arkansas
Opinion delivered November 2, 1992

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *T. Michael Lee*, for appellant.

*Anderson & Kilpatrick*, by: *Marian T. Hopkins*, for appellee.

DAVID NEWBERN, Justice. Eddie Daniels, the appellant,

sued the appellee, Riley's Health and Fitness Centers, d/b/a Little Rock Athletic Club (Club), for injuries he received while working for the Club, having been furnished to the Club by Aaron Temporary Services (Services). He alleged his injuries were caused by the negligence of a Club employee. Summary judgment was entered in favor of the Club because of the exclusivity of the workers' compensation remedy. Ark. Code Ann. § 11-9-105 (1987). Daniels contends summary judgment was improper because he was not employed by the Club and thus the workers' compensation coverage provided by Services did not preclude his suit. We hold Daniels was employed by both Services and the Club in accordance with the dual employment doctrine, and thus there was no error.

The evidence before the Trial Court, consisting of discovery responses and affidavits revealed these facts. Daniels and representatives of Services and the Club all signed a time card which contained a contract pursuant to which Daniels was provided to the Club by Services. It provided Services assumed all legal responsibility as employer, including workers' compensation coverage. The contract specified that if the Club hired Services' employee within 12 weeks of his placement with the Club, the Club would be obligated to pay $600 liquidated damages. This provision was placed in the contract to protect Services' investment in its employees. Daniels was injured while working at the Club removing the surface of a tennis court.

■ Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c); *Morris* v. *Valley Forge Ins. Co.*, 305 Ark. 25, 805 S.W.2d 948 (1991).

Daniels argues he could not have known he was employed by the Club in view of the wording of the contract, and there was no evidence he was employed by the Club. He contends a jury should have been allowed to decide the issue as one of fact. In our view, all relevant facts were undisputed. The real question here is thus whether the Club was entitled to summary judgment as a matter of law.

## The dual employment doctrine

██ The Club cites the dual employment doctrine in support of its contention that while Daniels was Services' employee he was also employed by the Club as a matter of law and, therefore, the exclusive remedy provision of the Worker's Compensation Act bar recovery. We have recognized the doctrine. In *Charles* v. *Lincoln Const. Co.*, 235 Ark. 470, 361 S.W.2d 1 (1962), we cited *South Arkansas Feed Mills* v. *Roberts*, 234 Ark. 1035, 356 S.W.2d 645 (1962), where we quoted from 1C, A. Larson, *The Law of Workmen's Compensation*, § 48.00 (1962), under the heading "Lent Employees and Dual Employment:"

When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

(a) The employee has made a contract for hire, express or implied, with the special employer;

(b) The work being done is essentially that of the special employer; and

(c) The special employer has the right to control the details of the work.

The remainder of that section was not quoted but is relevant to this case. It provides:

When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.

Employment may also be "dual" in the sense that, while the employee is under contract of hire with two different employers, his activities on behalf of each employer are separate and can be identified with one employer or the other. When this separate identification can clearly be made, the particular employer whose work was being done at the time of injury will be held exclusively liable.

██ In the *Charles* opinion we also quoted from *Stuyvesant Corporation* v. *Waterhouse*, 74 So.2d 554 (Fla. 1954), as follows:

. . . the solution of almost every such case finally

depends upon the answer to the basic, fundamental and bedrock question of whether as to the special employees the relationship of employer and employee existed at the time of the injury. If the facts show such relationship, the existence of a general employer should not change or be allowed to confuse the solution of the problem.

We quoted from *Nepstad* v. *Lambert*, 235 Minn. 1, 50 N.W.2d 614 (1951) as follows:

Since both employers may each have some control there is nothing logically inconsistent, when using this test, in finding that a given worker is the servant of one employer for certain acts and the servant of another for other acts . . . . The crucial question is which employer had the right to control the particular act giving rise to the injury. In this connection, Restatement Agency, 227, *comment* a (2) states:

Since the question of liability is always raised because of some specific act done the important question is not whether or not he remains the servant of the general employer as to matters generally but whether or not *as to the act in question*, he is acting in the business of and under the direction of one or the other. (Italics supplied.)

There is no question that the Club exercised the right to control Daniels, and in both his brief and oral argument Daniels conceded as much. Nor is there any doubt that Daniels was in the scope of his employment, performing a task for and under supervision of the Club when he was injured. He argues, however, that the right to control is not the only issue to be determined in finding dual employment and points to his own affidavit denying employment with the Club and the contract provision which he argues prohibits a finding that he was an employee of the Club.

■■ The quotation from Professor Larson's treatise supports Daniels' assertion that all three conditions must be met before the doctrine applies. It is also made clear, however, that there may be employment by virtue of an *implied contract* and that there may be situations where the employee is under contract with different employers simultaneously.

■ The language in the contract on which Daniels relies

was intended to prohibit the customer from hiring him as their permanent employee without payment of a penalty under certain conditions. There is nothing in that language to prohibit Daniels from being a temporary employee of the Club by virtue of an implied in fact contract.

■ In other jurisdictions a temporary employee has been held, for purposes of applying the exclusivity provision of workers' compensation coverage, to be the employee of a temporary employer by virtue of an implied contract. Summary judgment or dismissal of the employee's claim was found appropriate in *Beaver* v. *Jacuzzi Brothers, Inc.*, 454 F.2d 284 (1972) (applying Arkansas law); *Fox* v. *Contract Beverage Packers, Inc.*, 398 N.E.2d 709 (Ind. Ct. App. 1980), and *McMaster* v. *Amoco Foam Products Company*, 735 F. Supp. 941 (D.S.D. 1990). In none of these cases was there an express penalty clause contract with the temporary employment agency, but we find that to be immaterial.

As stated above, the language on which Daniels relies required only that Daniels not become the Club's permanent employee within a specified time or else the Club would become liable for liquidated damages. As the Trial Court correctly found, there was dual employment, and the only remedy available against either of the employers was workers' compensation. There was no error in granting summary judgment.

Affirmed.

HOLT, C.J., and BROWN, J., not participating.