Jennings OSBORNE and Mitzi Osborne *v.* Arleta POWER,
Dick Wallace, Joe H. Smith, Dennis Lucy, Tom Fisher, and
Catherine Cockrill

93-1303                                                      866 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered December 14, 1993

*Robert C. Lowry*; and *The Perroni Law Firm, P.A.*, by: *Samuel A. Perroni*, for appellants.

*Gary D. Corum*, for appellees.

PER CURIAM. Appellants have filed motions to suspend an injunction imposed upon appellants by the trial court, or in the alternative, to stay its order of abatement and to accelerate this case on appeal. In their motion, appellants correctly point out, in considering their request for relief, a determination must be made concerning their likelihood of success on appeal. Although appellants have promptly filed a partial record with this court, only seventy-one pages of the transcription of the trial has been lodged with this court's clerk. In addition, that partial transcript reflects the trial judge may still enter an amended order with further findings of fact. At the same hearing, the judge indicated she had not had the opportunity to write things out and could have been clearer when ruling on the issues.

In cautioning counsel regarding an appeal, she previously had stated that, if counsel thinks the judge had said enough for the appellate court to tell the basis for her decision, she had no prob-

lem with entering an order that the trial court finds that a nuisance exists and it should be abated. However, the judge concluded she was still willing to consider any other order that either party would wish to submit.

In short, while counsel and the trial judge attempted to expedite filing an appeal, the record filed is simply not sufficient to consider the legal issues presented or the relief sought. From our reading of the partial record submitted, the order entered and appealed from may or may not be final. Clearly, the partial transcript submitted is insufficient for this court to rule, even preliminarily, that the trial court's decision was erroneous and that appellants are likely to succeed on appeal. When the complete record in this case is properly before the court and both appellants and appellees have had an opportunity to brief and argue this matter, the court will take this case under submission and render its decision.

For these reasons, we deny appellants' motions.

BROWN, J., not participating.