NUCOR-YAMATO STEEL COMPANY *v.* The CIRCUIT
COURT for the Osceola District of Mississippi County,
Arkansas, the Honorable Samuel Turner, Jr., Presiding;
Thomas L. Foster; Grove North America, Division of Kidde
Industries, Inc.; the Estate of Tim Brown; and
Travelers Insurance Company

93-1056                                        878 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered July 5, 1994
[Rehearing denied September 12, 1994.*]

*Reid, Burge, Prevallet & Coleman*, by: *Robert L. Coleman*,
for petitioner.

*Friday, Eldredge & Clark*, by: *Elizabeth J. Robben*, for
respondent Grove North America.

*Gibson & Rhodes*, by: *Mike Gibson* and *Richard Rhodes*,
for respondents.

ROBERT L. BROWN, Justice. Petitioner Nucor-Yamato Steel

---

*Hays, J., would grant rehearing.

Corporation petitions this court for a writ of prohibition on the basis that Respondent Circuit Court for the Osceola District of Mississippi County lacks jurisdiction to hear the matter. In essence, Nucor maintains that the injured employee in this case, Thomas Foster, was a dual employee of Nucor and Daniels General Contractors, Inc. and that his exclusive remedy is under the Workers' Compensation Act at Ark. Code Ann. § 11-9-105 (1987). Nucor further urges that we go beyond the pleadings in this case and review depositions, affidavits, and other matters of record to determine Foster's dual employment status. We decline to do so for the reasons stated in *The Wise Company, Inc.* v. *Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993), *reh'g denied* 315 Ark. 336-A, 869 S.W.2d 8 (1994).

On July 19, 1991, Thomas Foster was injured while working on Nucor's premises in Armorel. Nucor is engaged in the business of manufacturing and distributing steel beams. At the time of the injury, Foster was an employee of Daniels General Contractors which provided contract labor for Nucor. He had been assigned by Daniels to work at Nucor. He was injured at night when a crane operated by Nucor employee Tim Brown tipped over and struck him.

Following his injury, Foster filed for and received workers' compensation benefits under a policy issued by Travelers Insurance Company to Daniels General Contractors. On March 13, 1992, Foster filed a complaint in tort against Nucor, Grove North America, Division of Kidde Industries, Inc. (the alleged manufacturer of the crane), and the estate of Tim Brown, individually, and as an employee of Nucor, for damages resulting from the injury. Foster alleged in his complaint that he was employed by Daniels General Contractors at the time of the accident. Nucor answered and admitted that Foster was employed by Daniels General Contractors. Nucor further alleged that Daniels General Contractors provided contract labor to Nucor and that any action against Nucor was barred by the Workers' Compensation Act.

On March 26, 1993, Nucor filed a motion for summary judgment, alleging the exclusiveness of the workers' compensation remedy based on the dual employment doctrine. In support of its summary judgment motion, Nucor incorporated "all pleadings, depositions, Affidavits, Answers to Interrogatories, and Admis-

sions on file including, but not limited to, those documents referred to in the list of documents relied upon in Support of Motion for Summary Judgment." Summary judgment was denied, and Nucor now files this petition for writ of prohibition to bar the exercise of jurisdiction by the circuit court over Foster's complaint in tort.

When considering a petition for a writ of prohibition, jurisdiction is tested on the pleadings, not the proof. *The Wise Company, Inc.* v. *Clay Circuit, supra; Pryor* v. *Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990); *Springdale Sch. Dist.* v. *Jameson, Judge*, 274 Ark. 78, 621 S.W.2d 860 (1981). Contrary to this authority, Nucor now requests that this court consider all of the proof presented in support of its motion for summary judgment in deciding its petition for prohibition. Nucor relies on *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), which was overruled in part by *The Wise Company, Inc.* v. *Clay Circuit, supra*, as authority for doing so. Nucor further cites both *Fore* v. *Circuit Court of Izard County, supra*, and *Hill* v. *Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993) as precedent for granting a writ of prohibition based on the exclusiveness of the Workers' Compensation Act after summary judgment has been denied.

We begin by noting that in *Hill* v. *Patterson, supra*, we did grant a writ of prohibition following a denial of summary judgment, but in doing so, we confined our review to the pleadings. More recently, we expressly refused to grant a prohibition writ where the petitioner presented proof in the form of affidavits and depositions that went beyond the pleadings:

> Should we do as requested, we would be abandoning a cornerstone principle that in examining petitions for writ[s] of prohibition, we limit our consideration of jurisdiction to the pleadings. We would also be treating a prohibition action much the same as a motion for summary judgment and accepting proof from the parties in support of respective positions. This we refuse to do.

*The Wise Company, Inc.* v. *Clay Circuit*, 315 Ark. at 335, 869 S.W.2d at 8. In discussing *Fore* v. *Circuit Court of Izard County, supra*, we further stated:

> To the extent that *Fore* can still be read to sanction writs

of prohibition based on information outside of the pleadings, such as affidavits and depositions, it is an aberration in our caselaw, and we overrule it.

*The Wise Company, Inc.* v. *Clay Circuit*, 315 Ark. at 336-B, 869 S.W.2d at 8. Thus, we have clearly limited ourselves to the pleadings of the parties when considering prohibition petitions.

We turn then to a review of the pleadings to assess whether prohibition is warranted in this case. Nucor refers to certain "undisputed facts" in its petition relating to Foster's employment status as evidence that a writ should issue. The clarity espoused by Nucor, however, is not evident from the pleadings. Indeed, just the opposite appears to be the case. The complaint filed by Foster alleges that he was employed by Daniels General Contractors in July 1991 and was acting in the course of his employment with Daniels when he performed work on the Nucor premises on the night of the accident. Nucor in its answer to Foster's complaint alleges that Foster was an employee of Daniels and that Daniels provided contract labor to Nucor. Nucor further alleges that Foster was injured by a crane operated by a Nucor employee and asserts as an affirmative defense that any action against Nucor and its employee is barred by the Worker's Compensation Act. Far from being undisputed, on the face of the pleadings it appears that Foster's status as a dual employee at the time of the accident is very much at issue.

A writ of prohibition will only issue when there are no disputed facts. *National Sec. Fire & Casualty Co.* v. *Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992); *Pryor* v. *Hot Spring County Chancery Court, supra; Isely* v. *Isely*, 287 Ark. 401, 700 S.W.2d 49 (1985); *Webb* v. *Harrison, Judge*, 261 Ark. 279, 547 S.W.2d 748 (1977). This court has further held that when a defense such as the exclusivity of the Workers' Compensation Act is asserted and the facts are disputed, the remedy of the party asserting that defense is by appeal, not by writ of prohibition. *Pryor* v. *Hot Spring County Chancery Court, supra; Smith* v. *Circuit Court of White County*, 249 Ark. 262, 459 S.W.2d 61 (1970); *see also Wade* v. *State*, 264 Ark. 520, 571 S.W.2d 231 (1978). Prohibition is only proper when the jurisdiction of the trial court depends on a legal rather than a factual question. *Fausett and Co.* v. *Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985).

In short, Nucor bears the burden of demonstrating that it is clearly entitled to proceed by petition for a writ of prohibition rather than by appeal. *Village Creek Imp. Dist. of Lawrence County* v. *Story*, 287 Ark. 200, 697 S.W.2d 886 (1985). That burden has not been satisfied in this case.

Writ denied.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. Ark. Code Ann. § 11-9-105(a) (Supp. 1993) provides in part: "The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, . . ." We have recognized that the intentional infliction of an injury upon an employee is an exception to the exclusive remedy provision of the Workers' Compensation Act. *See Hill* v. *Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993). Also, the Workers' Compensation Act does not preclude an action against a third-party tortfeasor. *See* Ark. Code Ann. § 11-9-410 (Supp. 1993). Subject to these narrow exceptions, an employer is immune from liability for damages in a tort action brought by an injured employee.

The narrow exception for third-party tortfeasors has been expanded far beyond the original intentions of the General Assembly. *See Thomas* v. *Valmac Indus. Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991). In his response to Nucor's petition for writ of prohibition, Mr. Foster acknowledges that Daniels General Contractors provided contract labor for Nucor. Mr. Foster had been assigned by Daniels to work for Nucor. Thus, Mr. Foster's only remedy was under the worker's compensation law. *See generally Daniels* v. *Riley's Health & Fitness Ctrs.*, 310 Ark. 756, 840 S.W.2d 177 (1992).

Recently, the General Assembly recognized the expansion of the exceptions to the rule of exclusivity under the workers' compensation law. Act 796 of 1993 amended § 11-9-105(a) to provide:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies

of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his capacity as an employer, or *prime contractor of the employer*, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. *No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.* [Emphasis supplied.]

Even if Nucor was not in fact Mr. Foster's employer, Nucor was a prime contractor of Daniel General Contractors. Accordingly, the workers' compensation law would be the exclusive remedy. Although the provisions of Act 796 apply only to injuries which occur after July 1, 1993, clearly the General Assembly has recognized the recent limitations on the exclusivity provision.

Furthermore, in *Hill* v. *Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993), it was evident from the pleadings that no cause of action at law was stated, i.e., the exclusive jurisdiction of the workers' compensation commission was clear. Conversely, in *The Wise Company, Inc.* v. *Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993), *reh'g denied* 315 Ark. 336-A, 869 S.W.2d 8 (1994), it was equally clear that a cause of action for the tort of outrage — the intentional infliction of emotional distress — was stated, giving rise to an action at law. Because the allegations in *Wise* met the demanding criteria of the tort of outrage as defined in *M.B.M. Co.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980), we denied the requested writ of prohibition. In cases falling on the cutting edge, such as this one, I believe we should look beyond the pleadings to determine whether the exclusivity provision of the Workers Compensation Act applies.

For the foregoing reasons, I respectfully dissent from the denial of the writ of prohibition.