NATIONAL UNION FIRE INSURANCE *v.* TRI-STATE IRON AND METAL

94-1435                                                   914 S.W.2d 301

Supreme Court of Arkansas
Opinion delivered February 5, 1996

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *James E. Tilley* and *Julia L. Busfield*, for appellant.

*Smith, Stroud, McClerkin, Dunn & Nutter*, by: *Nelson V. Shaw*, for appellee.

Tom Glaze, Justice. This case arose initially from a workers' compensation injury claim by Victor Cox against his employer Express Temporary Services (Express). Express had assigned Cox as temporary contract help to Tri-State Iron and Metal Company (Tri-State) to perform duties as a tire stripper. However, Cox was operating a forklift for Tri-State when he was injured, so Express and its workers' compensation insurance carrier, National Union Fire Insurance Company (National), brought Tri-State into the action, alleging Tri-State was the actual employer and liable for Cox's claim. Eventually, an

administrative law judge and the Workers' Compensation Commission held Express was Cox's general employer and therefore liable for his workers' compensation claim.

During the pendency of Cox's workers' compensation claim, he filed a negligence suit against Tri-State in the Miller County Circuit Court. Because National had paid Cox over $20,000 in workers' compensation benefits, it intervened in this action to preserve its statutory lien rights under Ark. Code Ann. § 11-9-410 (Supp. 1993). Tri-State moved to dismiss this negligence action, contending Cox's rights and remedies were exclusively covered under the Workers' Compensation Act as provided under that act's exclusivity statute, Ark. Code Ann. § 11-9-105 (1987). The circuit court agreed with Tri-State and dismissed the negligence suit. Before the trial court's dismissal order was filed, National amended its complaint-in-intervention, asserting Tri-State had breached its contract with Express because Tri-State had worked Cox as a forklift operator rather than a tire stripper. Cox did not join National's amended complaint which the trial court dismissed as untimely, nor does he participate in National's appeal of the trial court's rulings.

National's primary point for reversal of the Miller County Circuit Court's decisions is that the court erred in holding § 11-9-105, the exclusivity provision of the Workers' Compensation Act, barred suit against Tri-State. National argues that, under Ark. Code Ann. § 11-9-410 (Supp. 1993), the act does not affect the right of an employee to bring an action against a third party who is not an employer. In sum, National submits that, because the commission found Express to be Cox's employer for purposes of paying his workers' compensation benefits, Tri-State was not an employer within the meaning of the act's exclusivity provision, and Tri-State was collaterally estopped from arguing it was in the circuit court negligence action.

The flaw in National's argument is the commission did not find Tri-State was not an employer. Instead, the commission found that Tri-State was a "special employer," but under the facts of this case, Tri-State was not liable for workers' compensation coverage. The commission analyzed Express's and Tri-State's status under the dual-employment doctrine, and in doing so relied on *Daniels* v. *Riley's Health and Fitness Centers*, 310

Ark. 756, 840 S.W.2d 177 (1992), where this court stated the following:

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if
>
> (a) The employee has made a contract for hire, express or implied, with the special employer;
>
> (b) The work being done is essentially that of the special employer, and
>
> (c) The special employer has the right to control the details of the work.

■ When all three of the above conditions are satisfied in relation to both the general and special employers, both employers are liable for workers' compensation. *See*, 1B Larson, *The Law of Workmen's Compensation*, § 48.00 (1995).

■ Obviously, in analyzing both Express's and Tri-State's status under the Workers' Compensation dual-employment doctrine, both very well could have been liable under the act for Cox's on-the-job injuries; however, that did not happen here. There simply was no separate contract for hire between Cox and his special employer, Tri-State, so Tri-State did not have to share in paying Cox's workers' compensation benefits. Additionally, nothing in the act reflects that its exclusivity provision is not applicable to Tri-State as a "special employer," since Tri-State might well be liable for workers' compensation claims if the three conditions in *Daniels* are met. *See also Cash* v. *Carter*, 312 Ark. 41, 847 S.W.2d 18 (1993) (implied contract found to meet first "contract for hire" criteria of the dual employment doctrine).

The present case is similar to *Beaver* v. *Jacuzzi Brothers, Inc.*, 454 F.2d 284 (8th Cir. 1972), and that case is helpful in analyzing the factual situation. There, Joyce Beaver worked for Kelly Girl, Inc., a company whose business was supplying temporary workers to other businesses. While on temporary assignment to Jacuzzi Brothers, Beaver slipped and fell, sustaining injuries. She claimed and received workers' compensation benefits from Kelly Girl, but also filed a diversity, negligence action

in federal court against Jacuzzi Brothers. The federal district court held Beaver's sole remedy was under the Arkansas Workers' Compensation Act. Although the Eighth Circuit Court of Appeals never specifically mentioned the dual-employment doctrine by name, it stated the following:

> As a matter of common experience and of present business practices in our economy, it is clear that an employee may be employed by more than one employer even while doing the same work. *Biggart* v. *Texas Eastern Transportation Corp.*, 235 So.2d 443 (Miss. 1970).

> As Jacuzzi Brothers was an employer within the meaning of the statute, plaintiff's sole remedy is that provided by the Workers' Compensation Law.

Although in *Beaver*, the court never discussed Jacuzzi Brothers in terms of "special employer," other jurisdictions have. For example, the court in *Thompson* v. *Grumann Aerospace Corp.*, 578 N.Y.S.2d 106 (Ct. App. 1991), considered a situation where the plaintiff's general employer assigned plaintiff to work for Grumann. One year later, the plaintiff was injured while working for Grumann. The *Beaver* court ultimately held that the plaintiff's receipt of workers' compensation benefits from his general employer was his exclusive remedy and barred her bringing a negligence action against special employer Grumann. *See also Sorenson* v. *Colibri Corp.*, 650 A.2d 125 (R.I. 1994); *Supp* v. *Erie Ins. Exchange*, 479 A.2d 1037 (Pa. Super. 1984).

In concluding the trial court correctly dismissed National's negligence action against Tri-State as being barred by the Arkansas Workers' Compensation Act, National's second argument must fail as well. In that argument, National urges the trial court erred in dismissing its amended complaint below which alleged Tri-State had breached its contract with Express since Tri-State used Cox as a forklift operator, not a tire stripper. Because we hold Tri-State was a special employer and falls within the exclusivity provision of the Worker's Compensation Act, neither a negligence nor contract action can be filed against Tri-State by Cox or National as a subrogee because the exclusivity provision makes no exceptions for contract actions. *Gullett* v. *Brown*, 307 Ark. 385, 820 S.W.2d 457 (1991). Moreover, National may not bring an action under § 11-9-410(b) because

that section only provides for a carrier liable for compensation to maintain an action in tort, not contract, and then, only against a third party, not an employer. Finally, National may not bring a contract action as subrogee of its insured, Express, because Express never brought a contract action.

Affirmed.

JESSON, C.J., not participating.