# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2998

_____

Anthony Phillips, Angie Phillips,      *

                         *

         Appellants,      *

                         *    Appeal from the United States

     v.                      *    District Court for the

                         *    Eastern District of Arkansas.

United States of America,      *

                         *

         Appellee.      *

_____

Submitted: April 14, 2005
Filed: September 6, 2005

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Anthony Phillips appeals from the district court's grant of summary judgment on his negligence claim against the United States Postal Service (USPS). We reverse and remand.

## I.

In 1998, USPS contracted with trucking company Pat Salmon & Sons, Inc. (S&S), to transport mail between USPS facilities in Little Rock, Arkansas, and Indianapolis, Indiana. Pursuant to the contract, S&S truck drivers sort, load, and unload mail in addition to transporting it.

Phillips, a S&S mail truck driver since 1999, alleges that a USPS employee negligently struck and injured him with a mail cage while Phillips was loading mail at one of the Little Rock facilities. After settling a workers' compensation claim with S&S, Phillips filed suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The district court granted USPS's subsequent motion for summary judgment, holding that Phillips was barred from maintaining a FTCA action against USPS because USPS was Phillips's special employer and because USPS was protected from tort liability by Arkansas's "dual employment" doctrine.

## II.

We review *de novo* the district's court grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

Under the FTCA, the United States is liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under Arkansas law, which controls in this case, workers' compensation is the exclusive remedy available to employees against employers who "secure the payment" of workers' compensation benefits.[1] Ark. Code Ann. § 11-9-105. The injured employee retains the right, however, to make a claim or maintain an action against any non-employer third party. Ark. Code Ann. § 11-9-410.

---

[1]It is undisputed that the contract between USPS and S&S required S&S to maintain workers' compensation benefits for its employees.

The issue before us is whether, with respect to Phillips, USPS is an employer (and therefore insulated from tort liability through the operation of the exclusive remedy provision) or a third party. Arkansas analyzes such questions under the dual employment doctrine, which assumes that the employee has both a general employer (here, S&S) and a special employer (putatively, USPS) for the act at issue (loading mail) and asks whether: (1) "[t]he employee has made a contract for hire, express or implied, with the special employer"; (2) "[t]he work being done is essentially that of the special employer"; and (3) "[t]he special employer has the right to control the details of the work." Daniels v. Riley's Health and Fitness Ctrs., 840 S.W.2d 177, 178-79 (Ark. 1992). If all three questions are answered in the affirmative, both the general and the special employer are liable for workers' compensation and are thus protected by the exclusive remedy provision. Id.

The district court found that each criterion of the dual employment test was satisfied in Phillips's case. We need not discuss whether the district court was correct in its finding regarding the latter two aspects of the test, however, for we conclude that the district court erred in finding that the first requirement—the existence of a contract for hire—was satisfied. Simply put, there is no evidence in the record that either an express or implied contract was formed between Phillips and USPS. In contrast to the situation that existed in Daniels, where the employee signed a time card which contained a contract pursuant to which the employee was provided to the special employer, 840 S.W.2d at 177-78, there is no evidence in the present case that Phillips had any knowledge of the details of the contract between S&S and USPS. Nor is there evidence that Phillips in any way impliedly consented to an employee-employer relationship with USPS.[2] See Charles v. Lincoln Constr. Co., 361 S.W.2d

_____

[2]We recognize that there is language in the Arkansas Supreme Court's opinion in Nat'l Union Fire Ins. v. Tri-State Iron and Metal, 914 S.W.2d 301 (Ark. 1996), that might support an argument that a special employer is protected by the exclusive remedy provision even if it does not meet the three-part dual employment test. Id. at

1, 3-4 (Ark. 1962) (employee consented to special employment relationship where employee worked on special employer's property, received separate payment on distinctive check from special employer, and testified that he understood that, while on special employer's property, he worked for special employer). <u>See also</u> <u>Sharp County Sheriff's Office v. Ozark Acres Improvement Dist.</u>, 75 S.W.3d 690, 695 (Ark. 2002) (putative special employer cannot be liable for workers' compensation benefits where there is no express or implied contract for hire between special employer and employee).

The district court's grant of summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____

302. We note, however, that Arkansas law requires the presence of an express or implied contract of hire or apprenticeship before an individual may be termed the employee of a given employer. Ark. Code Ann. § 11-9-102(9)(A). Because the record contains no evidence of a contract between Phillips and USPS, it is insufficient to show that Phillips was USPS's employee.