Cite as 2023 Ark. App. 218

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-22-297

| | |
|---|---|
| JACEN GANN <br><br> APPELLANT <br><br> V. <br><br> CK ASPHALT, LLC; AND BOBBY KENNEDY CONSTRUCTION COMPANY, INC. <br><br><br> APPELLEES | Opinion Delivered April 12, 2023 <br><br> APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G906072] <br><br><br><br> REVERSED AND REMANDED |

## MIKE MURPHY, Judge

This is an appeal from the Arkansas Workers' Compensation Commission determination that appellant Jacen Gann was an employee of appellee Bobby Kennedy Construction Company (BKC). On appeal, Gann argues that the Commission erred in concluding an employment relationship existed between him and BKC. We reverse and remand.

On September 12, 2019, Gann was injured while working when he was struck by a truck driven by Michael Dorton. Dorton was working for BKC at the time. Gann filed a claim for workers'-compensation benefits and had been receiving benefits from Travelers Insurance through his employer, CK Asphalt. Gann also filed suit in the Van Buren County Circuit Court against BKC and Dorton alleging personal injuries. BKC moved to transfer

the case to the Arkansas Workers' Compensation Commission (the Commission) to determine the employment relationship between Gann and BKC for purposes of asserting the exclusive-remedy protection of the Arkansas Workers' Compensation Act. The circuit court granted the motion to transfer.

A hearing was held before an administrative law judge (ALJ), and the issues were briefed. The ALJ found that Gann was BKC's dual employee on the day of injury and granted BKC entitlement to the exclusive-remedy bar. Gann timely appealed to the Full Commission, which affirmed the ALJ's reasoning and finding the following:

3. The claimant/plaintiff has been receiving workers' compensation benefits from Travelers Insurance, the carrier that provides workers' compensation insurance for both Bobby Kennedy Construction Company, Inc., and CK Asphalt, LLC.

4. That clamant/plaintiff Gann received his W-2 from CK Asphalt, LLC, and was an employee of CK Asphalt, LLC, at the time of the work-related accident.

5. That the Workers' Compensation First Report of Injury that was filed with the Commission on September 17, listed the employer as Bobby Kennedy Construction Co.

6. That the only supervisors of the employees of CK Asphalt, LLC, were employed by Bobby Kennedy Construction, Inc.

7. That Bobby Kennedy Construction, Inc., CK Asphalt, LLC, and BLK Quarry, LLC, were owned fifty-fifty (50/50) by Bobby Kennedy and Cynthia Kennedy, husband and wife.

8. That a single workers' compensation insurance policy was issued and apportioned at the end of the year between CK Asphalt, LLC, Bobby Kennedy Construction, Inc., and BLK Quarry, LLC.

The record further established the following. BKC has been in business since 1985. It incorporated in 2003. CK Asphalt was formed in December 2017, and it was capitalized

by money from BKC. CK Asphalt has since become profitable. Three separate payrolls are maintained for the Kennedys' businesses, and Gann was on the payroll of CK Asphalt, which issued his paychecks. The payroll and administrative work for CK Asphalt was performed by the employees of BKC.

CK Asphalt operates an asphalt machine, which lays asphalt. To lay the asphalt, two CK Asphalt employees follow the machine, rolling and smoothing the asphalt as the machine lays it. Asphalt is loaded into the machine by dump trucks owned by BKC and operated by BKC employees.

Prior to December 2017, no Kennedy company performed the asphalt portion of any road. BKC would provide the dirt and gravel work, and then an unrelated company would lay the asphalt.[1] The on-the-job supervisor for CK Asphalt employees was Kenneth Silver, a son-in-law of the Kennedys, who was employed by BKC and who stayed on the work site. Silver had been employed by BKC since 2006 and had never been on the payroll of CK Asphalt. There was no one on the payroll of CK Asphalt who had any authority to fire an employee.

At the time of Gann's injury, CK Asphalt was laying asphalt pursuant to its contract with White County. Because asphalt was being laid on an existing road, BKC was not engaged to perform the dirt and gravel work, and it was not separately contracted with White County. Rather, asphalt was being hauled from the asphalt plant (also owned and operated

---

[1]The Kennedys own a third company, BLK Quarries, which crushes rock to make the gravel that is placed on the roads; it is not a party to this appeal.

by CK Asphalt) to the job site by BKC employees driving BKC dump trucks. There was no written agreement between BKC and CK Asphalt.

In adopting the ALJ's findings of fact and conclusion of law, the Commission identified Gann as "a dual or special employee of Bobby Kennedy Construction Company, Inc., as well as CK Asphalt, LLC, at the time of the work-related accident." This is important, because the nature of the employment relationship dictates if Gann may bring a civil suit against BKC for damages or if he is limited solely to workers'-compensation relief. On appeal, Gann argues that this finding was in error.

The standard of review in workers'-compensation cases is well-settled. We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm the decision if it is supported by substantial evidence. *Sharp Cnty. Sheriff's Dep't v. Ozark Acres Imp. Dist.*, 75 Ark. App. 250, 253, 57 S.W.3d 764, 766 (2001). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*

The issue before us is the application of the dual-employment doctrine. In *Daniels v. Riley's Health & Fitness Centers*, 310 Ark. 756, 840 S.W.2d 177 (1992), the supreme court held that when a general employer lends an employee to the special employer, the special employer becomes liable for workers' compensation only if three factors are satisfied: (1) the employee has made a contract for hire, express or implied, with the special employer; (2) the

4

work being done is essentially that of the special employer; and (3) the special employer has the right to control the details of the work.

The solution in almost every such case depends on the answer to the basic and fundamental question of whether, as to the special employee, the relationship of employer and employee existed at the time of the injury. *Randolph v. Staffmark*, 2015 Ark. App. 135, at 2, 456 S.W.3d 389, 391. If the facts show such a relationship, then the existence of a general employer should not change or be allowed to confuse the solution of the problem. *Id.* Because both employers may each have some control, there is nothing logically inconsistent, when using this test, in finding that a given worker is the servant of one employer for certain acts and the servant of another for other acts. *Id.*

Concerning the first factor, Gann contends that no contract for hire existed between he and BKC and that he was doing the work of CK Asphalt not BKC. Gann claims the Commission found a contract for hire existed solely because BKC employees supervised CK Asphalt employees. In reaching its conclusion that Gann was a dual employee of BKC, the Commission found that

> [t]here would appear to be no greater indication of an implied employment contract than the ability to determine the hours worked, the discipline of individual employees along with their hiring and firing, and the right to control the work performed[.] Consequently, there is no alternative but to find that an implied contract for hire has been created[.]

We agree with Gann that no contract for hire, either express or implied, existed. While the Commission opinion addresses the right to control, it fails to consider that BKC did not pay Gann for his services. He was performing solely the work of CK Asphalt; BKC

5

had nothing for which to compensate him. Conversely, as the Commission's opinion notes, CK Asphalt paid BKC for its services (BKC provided the trucks).

In support of this holding, we rely on *Sharp County Sheriff's Office v. Ozark Acres Improvement District*, 349 Ark. 20, 75 S.W.3d 690 (2002). In *Sharp County*, the employee was hired by one business as a security guard and then commissioned as a Sharp County deputy sheriff. *Id.* Qualification for this commission was a prerequisite to being hired by the business he was serving as a security guard for. *Id.* The employee wore a Sharp County sheriff's uniform and was required to respond to calls from Sharp County even if they were outside of the business and/or made after the employee's work hours with the business. *Id.* The employee was injured one night while responding to a call from Sharp County. *Id.* At the time of his injury the employee was off duty from the business. *Id.* The court found that Sharp County was not the employee's special employer because there was no express or implied contract for hire. *Id.* The *Sharp County* court explained that because Sharp County had not compensated the employee or reimbursed the business for its compensation of the employee, then there could be no contract for hire. *Id.*; *cf. Randolph v. Staffmark*, 2015 Ark. App. 135, 456 S.W.3d 389 (finding of dual employment by virtue of implied contract where work being done at time of injury was that of special employer who had right to control the work being done *and* paid the hourly wage).

While the business and the county in *Sharp County* were not a combined business operation as is the case here, it does not negate the payment requirement of *Sharp County*. The Kennedys' three separate corporations compensate each other for gravel, use of trucks,

6

asphalt, or apportion the cost of fuel, but BKC never compensated CK Asphalt for Gann's work. Therefore, it never became a "special employer."

As the court in *Sharp County* explains,

[I]n a compensation case, the entire philosophy of the legislation assumes that the worker is in a gainful occupation at the time of the injury. The essence of compensation protection is the restoration of a part of the loss of wages which are assumed to have existed. Merely as a practical matter, it would be impossible to calculate compensation benefits for a purely gratuitous worker, since benefits are ordinarily calculated on the basis of earnings. There, then, are the underlying reasons why compensation acts usually insist upon a contract of hire . . . The word "hire" connotes payment of some kind. By contrast with the common law of master and servant, which recognized the possibility of having a gratuitous servant, the compensation decisions uniformly exclude from the definition of "employee" workers who neither receive nor expect to receive any kind of pay for their services.

*Id.* at 27–28, 75 S.W.3d at 695 (internal citations omitted).

Absent the remuneration required by *Sharp County*, there can be no implied contract between Gann and BLK. The test in *Daniels v. Riley's Health & Fitness Centers*, 310 Ark. 756, 840 S.W.2d 177 (1992), is a three-part conjunctive test. Because we hold that this record does not support the finding that Gann has made a contract for hire, express or implied, with BKC for purposes of the exclusive-remedy provision of Arkansas Code Annotated section 11-9-105 (Repl. 2012), we reverse and remand for an order consistent with this opinion.

Reversed and remanded.

HARRISON, C.J., and BARRETT, J., agree.

*Rainwater, Holt & Sexton, P.A.*, by: *Jeremy McNabb* and *Laura Beth York*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

7

*Watts, Donovan, Tilley & Carson, P.A.*, by: *David M. Donovan*, for separate appellee Bobby Kennedy Construction Company, Inc.