## GEORGE'S, INC. *v.* Hugh OTWELL
## d/b/a OTWELL MANUFACTURING

84-29                                    666 S.W.2d 406

### Supreme Court of Arkansas
### Opinion delivered April 2, 1984

*Cypert & Roy,* for appellant.

*Davis, Cox & Wright,* by: *Constance G. Clark,* for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is whether the trial court was wrong in instructing the jury regarding a loaned employee. We cannot say as a matter of law that the instructions presented by the trial court were wrong or that the rejection of appellant's proffered instruction was erroneous. Therefore, the judgment is affirmed.

George's, Inc., the appellant, is a poultry processing plant. Hugh Otwell, d/b/a Otwell Manufacturing, the appellee, is a small welding company, which agreed to manufacture about 200 pallets to be used by George's in its business. After George's received the pallets, adjustments were required which Otwell agreed to make. Two employees of Otwell's were sent to George's to make the changes. It is

undisputed that they were paid by Otwell. A mechanic, in the employ of George's told the two Otwell employees where to work and what was to be done. The two men decided that a cutting torch was needed to do the work more quickly. They obtained permission from the mechanic to use one owned by George's. As a result of using the torch a fire started and damages from the fire were agreed to have been over $55,000. The main argument to the jury was whose employees the two men were at the time of the accident. The jury was instructed on the borrowed servant doctrine: that is, if the jury found that the two employees were under the direction and control of George's then they were George's employees at the time of the fire and therefore George's could not recover. If, however, they were under the direction and control of Otwell and were Otwell's employees, then Otwell would be responsible for the fire.

On appeal the argument focuses on two instructions, one of which was given by the court and is as follows:

> One who is in the general employment and pay of another may be loaned or hired by his general or original employer to a third party for the performance of some particular services for the third party. If the original or general employer, and not the third party, retains the right to control and direct the conduct of the employee in the performance of such services, then the original or general employer will be treated as his employer, with respect to such services. On the other hand, if the third party to whom the employee is loaned or hired has the right to direct and control the conduct of the employee in the performance of such services, then the third party would be considered his employer.

George's objected to that instruction which was given by the court and asked that the following instruction be given, which was refused by the court:

> As stated previously, one of the questions for you to decide is whether at the time of the occurrence, Gary Smith and Patrick Zulpo were the employees of Hugh Otwell, or were loaned to George's, Inc., and became employees of George's, Inc.

An employee is a person who, by agreement with another called the employer, acts for the employer and is subject to his control. The agreement may be oral or written or implied from the conduct of the parties and may be with or without compensation.

If one person has the right to control the actions of another at a given time, the relationship of employer and employee may exist at that time, even though the right to control may not actually have been exercised. You are further instructed that considering whose employees Gary Smith and Patrick Zulpo were at the time of the occurrence, the employer is the person who has the supreme choice, control, and direction of the employee and whose will the servant represents, not merely in the ultimate result of his work, but in all his details, including the methods used to accomplish that result.

We find that the jury was properly instructed in this case. In a series of cases we have held that the most significant question regarding a loaned employee is which company has direction and control of the employee. *Donahue* v. *Cowdrey,* 246 Ark. 1028, 440 S.W.2d 773 (1969); see also *Davis* v. *Lingl,* 277 Ark. 303, 641 S.W.2d 27 (1982); *St. Louis, I.M.&S. Ry. Co.* v. *Gillihan,* 77 Ark. 55, 92 S.W. 793 (1906).

The instruction given by the court in this case was taken from the case of *Donahue* v. *Cowdrey, supra.* It is argued that the instruction was wrong because a second instruction in that case was not given. Appellant did not request that second instruction but instead offered the one set forth herein which speaks of "supreme choice," "control" and "detail." The evidence presented in this case did not justify such an instruction since the issue was generally who had the right to direct and control the conduct of the employees at the time in question. We find that the issue was presented fully and clearly in the instructions given. *Beevers, Adm'x.* v. *Miller,* 242 Ark. 541, 414 S.W.2d 603 (1967).

Affirmed.