Joe THRUSTON *v.* LITTLE RIVER COUNTY, Arkansas, et al.

92-228                                              832 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered July 6, 1992

*Honey & Honey, P.A.,* by *Charles L. Honey,* for appellant.

*Dowd, Harrelson, Moore & Giles,* by: *Gene Harrelson,* for appellee.

JACK HOLT, JR., Chief Justice. This case involves the

validity and constitutionality of Little River County Emergency Ordinance No. 0-90-7, which allows the appellees, Little River County, Arkansas, et al. (County), to open and close graves without charge. We find the emergency ordinance to be both valid and constitutional and affirm the chancellor's judgment.

On May 20, 1991, the appellant, Joe Thruston, filed a complaint in the Little River County Chancery Court challenging the validity and constitutionality of Emergency Ordinance 0-90-7; Thruston amended his complaint, and the County ultimately filed a motion for summary judgment, which the chancellor granted on August 29, 1991.

Thruston appeals and asserts two points of error on appeal: 1) that the validity of emergency ordinance number 0-90-7 is a genuine issue of material fact to be litigated, and 2) that the construction and constitutionality of Ark. Code Ann. § 14-14-802 (1987) is a genuine issue of material fact to be litigated.

■■ Initially, Thruston claims that the validity of emergency ordinance number 0-90-7 is a genuine issue of material fact to be litigated. We recently reiterated in *Franklin* v. *OSCA, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992) (citations omitted), that summary judgment is an extreme remedy which should be allowed only when there is no issue of fact to be litigated. The burden is on the movant to demonstrate the absence of a genuine issue of fact, and the court must review the evidence in the light most favorable to the party against whom judgment is sought. On appeal, we determine the appropriateness of a grant of summary judgment based on whether the evidentiary items presented in support of the motion left a material question of fact unanswered.

■ In this case, the County admitted that on April 24, 1990, it had enacted an emergency ordinance providing for the opening and closing of graves without charge. Accordingly, there being no material questions of fact at issue, the chancellor was left to apply the applicable statutes in his determination on the County's motion for summary judgment.

Section 14-14-802 addresses the general provision of county government services and provides in pertinent part as follows:

(b)(1) A county government, acting through the quorum court, may provide through ordinance for *the establish-*

*ment of any service or performance of any function* not expressly prohibited by the Arkansas Constitution or by law.

(2) These legislative services and functions include, but are not limited to, the following services and facilities:

> \*  \*  \*  \*

(C) Community services, including:

> \*  \*  \*  \*

(ii) Cemetery, burial, and memorial services:

> \*  \*  \*  \*

(Emphasis added.)

Arkansas Code Ann. § 14-14-908 (1987) addresses emergency ordinances or amendments and provides in pertinent part as follows:

> (a) GENERALLY. An emergency ordinance or emergency amendments to existing ordinances may be introduced in the manner provided by law for the introduction of ordinances. An emergency ordinance may be enacted only to meet public emergencies affecting life, health, safety, or the property of people.
>
> \*  \*  \*  \*
>
> (c) DECLARATION OF EMERGENCY. An emergency ordinance must contain a declaration that an emergency exists and define the emergency. All emergency ordinances shall be designated "emergency ordinance."
>
> \*  \*  \*  \*

In response to our decision in *Dudley* v. *Little River County*, 305 Ark. 102, 805, S.W.2d 645 (1991) (where we held that the provision of grave-digging services was invalid under section 14-14-802 on the basis that there was only a county judge's testimony that the quorum court was aware and approved of the county providing grave-digging services and where the quorum court, even if it knew the services were being provided, took no action by ordinance or otherwise to authorize such service), the County

enacted emergency ordinance 0-90-7, which provides in pertinent part as follows:

## EMERGENCY ORDINANCE NO. 0-90-7
## IN THE QUORUM COURT OF
## LITTLE RIVER COUNTY, ARKANSAS

Be it enacted by the Quorum Court of the County of Little River, State of Arkansas, an Ordinance to be entitled:

ORDINANCE ESTABLISHING A POLICY WHEREBY THE COUNTY OF LITTLE RIVER AS-SUMES THE OBLIGATION OF OPENING AND CLOSING THE GRAVES IN AUTHORIZED CEME-TERIES IN THE COUNTY.

WHEREAS, certain community services are an obligation of the County, and

WHEREAS Ark. Code Ann. § 14-14-802 (1987) de-scribes certain services that a county government, acting through the Quorum Court, may provide through ordinance for the establishment of; and

WHEREAS Section 2(c)(ii) of Section 14-14-802 enumerates cemetery, burial and memorial services as authorized services; and

WHEREAS the Little River County, Arkansas, Quorum Court feels that there is a need to authorize those services and provide a system for the service delivery:

NOW THEREFORE BE IT ORDAINED by the Quorum Court of Little River County, Arkansas, that:

*SECTION I.* From and after the effective date of this ordinance, the Little River County Cemetery-Road De-partment, a division of the Little River County General Fund, which will be funded with sales tax revenues and has the equipment necessary to open and close graves, is hereby authorized to, at the direction of the Little River County Judge, or his authorized personal representative, perform that service; and

\*   \*   \*   \*

*SECTION 4.* It is hereby found and determined by the Quorum Court of Little River County, Arkansas, that an emergency does hereby exist, and that it is in the best interests of the citizens of Little River County to know that the practice of the county opening and closing graves is an authorized service.

*         *         *         *

■ The general rule as to the constitutionality of ordinances authorized by statute is set out in Annotation, *Municipal Corporations*, 56 Am.Jur.2d. § 387 (1971) as follows:

A Municipal Ordinance expressly authorized by the state legislature, by virtue of a specific chartered provision, or other statute, is generally regarded as entitled to all the presumptions in favor of its validity which are applied in the case of the statute, and will be upheld unless it is clearly and unmistakably in violation of the state or federal constitution. . . . It is, therefore, generally held or stated that the courts cannot inquire into the reasonableness of ordinances which are within powers expressly granted to municipal corporations.

■ The County operated within the statutory framework of enacting the emergency ordinance; accordingly, we hold that emergency ordinance 0-90-7 complies with section 14-14-908 and is not clearly and unmistakably in violation of the state or federal constitutions.

Thruston's second argument is that the construction and constitutionality of section 14-14-802 is a genuine issue of material fact to be litigated.

■ Given the presumption of the emergency ordinance's validity, and our holding to that effect, we note that the State has a recognized legitimate governmental interest in the provision of burial services in that:

. . . the disposition of the dead is so involved in the public interest, including the public's health, safety and welfare, that it is subject to control by law instead of being subject entirely to the desire, whim or caprice of individuals. In the exercise of its police power, the state may adopt reasonable

> regulations as to . . . burials or other means of disposing of dead bodies. . . . There is no question of the power of the legislature to exercise complete control of burials so far as is necessary for the protection of the public health and the promotion of the public safety.

Annotation, *Dead Bodies*, 22A Am.Jur.2d. §§ 1, 5 (1988).

By its very nature, the emergency ordinance provides burial services for the health, safety, and welfare of the County's citizens. Consequently, we also uphold the constitutionality of section 14-14-802 and affirm the judgment of the chancellor.

Affirmed.