Marlin CASH *v.* Isaac F. CARTER a/k/a Ike Carter,
Individually and as Owner of Carter Construction Company;
Carter Construction Company, Inc.; and Arkansas Valley
Dredging Company, Inc.

92-830                                              847 S.W.2d 18

Supreme Court of Arkansas
Opinion delivered February 8, 1993

*James F. Swindoll*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Alfred F. Angulo, Jr.*, and *Brian Allen Brown*, for appellees.

ROBERT L. BROWN, Justice. The Pulaski County Circuit Court granted summary judgment in favor of the appellees on the issue of whether the appellant, Marlin Cash, could sue them in

tort. Cash appeals and contends, among other things, that he was employed by Little Rock Quarry Company, Inc. at the time of his injury and was paid benefits under the Longshoreman's and Harbor Worker's Compensation Act ("LHWCA") as a consequence of that employment. He argues that payment of the LHWCA benefits does not preclude tort actions against third-party appellees.

The appellee, Isaac F. Carter, is the owner of Carter Companies, a parent corporation for several subsidiaries, including appellee Carter Construction and non-party Little Rock Quarry. He is also the owner of appellee Arkansas Dredging Company, Inc., which is a separate parent corporation. On July 22, 1987, Cash was doing welding work on a barge owned by Carter Construction at the direction of Carter Construction employees. The barge was dry docked at a yard owned by Arkansas Valley Dredging. While welding, he inhaled toxic fumes and suffered permanent brain damage. He subsequently filed a claim under the LHWCA and is currently receiving benefits for his disability as an employee of Carter Construction.

On August 3, 1988, Cash filed a negligence action against the appellees and contended that the barge was not adequately ventilated, that safe tools and safety equipment were not provided, and that other safety precautions were not followed. The appellees answered and then moved for summary judgment, asserting that Cash was either an actual employee of Carter Construction or a loaned employee to that firm and that Carter, individually, and Arkansas Valley Dredging were in no way involved in the accident.

The circuit court granted summary judgment to the appellees. It agreed with Carter Construction that Cash was either its actual employee or a loaned employee when the accident occurred and that his exclusive remedy against that firm was under the LHWCA. The court further found that Carter, individually, owed no duty to Cash at the time of the accident and that Arkansas Valley Dredging was not involved.

Cash first argues that summary judgment was inappropriate due to unresolved factual issues in this case. He is correct that summary judgment is an extreme remedy which is only proper when it is clear that there are no issues of fact to be

litigated. *Bushong* v. *Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992); *Wolner* v. *Bogaev*, 290 Ark. 299, 718 S.W.2d 942 (1986). It is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Daniels* v. *Riley's Health and Fitness Centers*, 310 Ark. 756, 840 S.W.2d 177 (1992). The burden of proving that there is no genuine issue of material fact is upon the summary judgment movant, and all proof submitted must be viewed in a light most favorable to the party resisting the motion. Any doubt and all inferences must be resolved against the moving party. *Lively* v. *Libbey Memorial Physical Medical Center*, 311 Ark. 41, 841 S.W.2d 609 (1992).

Once the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet proof with proof by showing a genuine issue of material fact. *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992); *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985). On appeal, the appellate court determines the appropriateness of a grant of summary judgment based on whether the evidentiary items presented in support of the motion left a material question of fact unanswered. *Thruston* v. *Little River County, Ark.*, 310 Ark. 188, 832 S.W.2d 851 (1992).

Cash is adamant that a material fact issue exists as to which business employed him when he was injured. In determining employment, we look to various factors with the degree of control being the most universally accepted standard for establishing an employer-employee relationship. *Ruiz* v. *Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969); *see also Blankenship* v. *Overholt*, 301 Ark. 476, 786 S.W.2d 814 (1990).

Here, Cash urges that his employer was Little Rock Quarry because that is the entity that issued paychecks to him. He also did some work for that business. According to his deposition, he was at the quarry three or four times, one day at a time, presumably over the course of a year. The quarry, he stated, is located at a separate site from the shipyard where the barge in question was dry docked and where the welding took place.

In that same deposition, however, Cash admitted that he worked sixty to seventy percent of the time at the yard and at

times on barges owned by Carter Construction. Moreover, the record in this case evidences, contrary to Cash's affidavit, that his LHWCA benefits were paid showing Carter Construction as his employer. His W-2 Form also shows employment with Carter Construction. At the time of the injury, he was working on a Carter Construction barge at the direction of Carter Construction personnel. Little Rock Quarry, the appellees aver, was only used for payroll account purposes to issue paychecks for employees of the Carter Companies. The weight of the evidence on which firm controlled Cash at the time of the accident appears to predominate in favor of Carter Construction. Nevertheless, we cannot say that Cash's sworn statements that Little Rock Quarry employed him and the accompanying paycheck stubs do not present a fact question for the jury to resolve.

■■ The same doubts do not afflict us, though, as to whether Cash was a loaned employee to Carter Construction, and thus a temporary employee of that firm, at the time he was injured. We recently had occasion to examine the doctrine of dual employment. *See Daniels* v. *Riley's Health & Fitness Ctrs.* ("the Club"), *supra*. In *Daniels*, the facts and issues bear some similarity to those in the present case. An employee claimed workers' compensation benefits due to an injury experienced at the Club on the basis that he was an employee of Aaron Temporary Services and not the Club. He then sought to sue the Club in tort. Summary judgment was granted in favor of the Club, and we affirmed. In doing so, we cited the dual employment doctrine and quoted from Larson, *The Law of Workmen's Compensation*, § 48.00 (1962):

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if
>
> (a) The employee has made a contract for hire, express or implied, with the special employer;
>
> (b) The work being done is essentially that of the special employer; and
>
> (c) The special employer has the right to control the details of the work.
>
> When all three of the above conditions are satisfied in

relation to both employers, both employers are liable for workmen's compensation.

Employment may also be "dual" in the sense that, while the employee is under contract of hire with two different employers, his activities on behalf of each employer are separate and can be identified with one employer of the other. When this separate identification can clearly be made, the particular employer whose work was being done at the time of injury will be held exclusively liable.

310 Ark. at 759, 840 S.W.2d at 178. We concluded that there was no question that the Club had the right to control Daniels at the time of his injury and that Daniels was performing a task within the scope of his employment at that time. Daniels averred that he was not employed by the Club, but we determined that there was nothing in the contract of employment with Aaron Temporary Services that precluded a holding that he was a temporary employee of the Club by virtue of an implied contract at the time of his injury. We, therefore, affirmed the summary judgment.

In the case before us, the circuit court found that Cash was either an employee of Carter Construction or a loaned employee to that same firm. This stands to reason. The most significant question regarding a loaned employee is which company has direction and control of the employee. *George's Inc.* v. *Otwell*, 282 Ark. 152, 666 S.W.2d 406 (1984). If Cash was not an employee of Carter Construction in actuality, he was on loan to that firm on a temporary basis and subject to its control. Again, Cash was working on a Carter Construction barge at the direction of Carter Construction supervisors when the accident occurred. Though he maintains he was an employee of Little Rock Quarry, he knew that he was not working at the quarry site. He admitted that he did work for Carter Construction on occasion on its barges in dry dock. Though he describes his supervision on the barge as not "detailed," he also admitted that he was assigned to work there. The LHWCA Payment of Compensation form and his W-2 form both show Carter Construction as his employer. And Cash presents no proof that he was not working for Carter Construction when he was injured other than a bald assertion to the contrary. Offsetting this assertion is his response to the appellees' amended

and substituted motion for summary judgment, where he refers to his status as that of loaned employee, though the particulars of this status are not revealed. In sum, Cash has presented nothing of substance to support a finding that he was not a loaned employee to Carter Construction or that he had not acquiesced in temporary employment with that firm at the time of the accident.

It is clear that if Cash was a loaned employee to Carter Construction, his exclusive remedy is LHWCA as to Carter Construction. *Touchet* v. *Travelers Indemnity Co.*, 221 F.Supp. 376 (W.D.La. 1963); *see also Beaver* v. *Jacuzzi Brothers, Inc.*, 454 F.2d 284 (8th Cir. 1972) (workers' compensation is exclusive remedy for loaned employee). We hold that there was no error in granting summary judgment in favor of Carter Construction.

Nor do we conclude that there was any error in the summary judgment in favor of Carter individually and Arkansas Valley Dredging. Cash presented no evidence that Carter was directly involved in the events surrounding the injury or that he was acting in any capacity other than as a corporate officer when the accident occurred. Hence, there is nothing on which to premise individual liability on the part of Carter.

With respect to Arkansas Valley Dredging, Cash contends that it is liable because it owned the dry dock and loaned an extension cord and perhaps some fans for use in the welding job. Arkansas Valley did not own the barge or the welding equipment or employ the supervisory personnel. Assuming that the dry dock, the extension cord, and the fans did belong to Arkansas Valley Dredging, this participation in the events that transpired was incidental. Moreover, the alleged negligence by Cash was failure to provide safe tools, and there is no contention by Cash that these accessories were not safe. Having had no role in the employment of Cash or in the task he was called upon to perform, Arkansas Valley Dredging owed him no duty.

Affirmed.

GLAZE, J., not participating.