The Honorable Gary Isbell Circuit Chancery Judge 14th Judicial District #1 East Seventh Street Baxter County Courthouse Mountain Home, Arkansas 72653
Dear Judge Isbell:
This is in response to your request for an opinion concerning the status of personnel that have been hired pursuant to certain grants awarded to the Baxter County Juvenile Services Department. It is my understanding that the Juvenile Services Department was created by Baxter County and operates under the direction of the Circuit, Chancery and Juvenile Judge. It is also my understanding that the Juvenile Services Department applies for various grants from state and federal agencies. You indicate that the people hired pursuant to the grants "are hired at a salary dictated in the grant, have objectives to attain related solely to the requirements of the grant, and have never been hired by the Quorum Court nor has their compensation, individually, been fixed by the Quorum Court, nor do they have any job security beyond the life of the maximum one (1) year grant." In an effort to avoid costs of 12% of the award for an independent audit, you state that the grant funds were placed in a "specified budget allocation in the County General Fund as a lump sum amount." You further indicate that the expenditures for the grant programs are made from the county general fund pursuant to a voucher and claim system required by the grant authority. In light of the foregoing discussion, you have asked whether the persons hired through the grant procedure are "county employees and the county thereby obligated to them for all employee benefits and retirement despite the fact that the quorum court has never so named nor fixed their compensation?"
It must be initially noted that a conclusive determination regarding the general status of grant personnel will, in my opinion, require a factual review, including a review of each grant award.[1] This office is neither equipped nor empowered to answer questions of fact. Nevertheless, based upon the limited facts that I have been presented, it seems unlikely that the grant personnel would generally be considered county employees.
Under Arkansas law, the question of employment is a question of fact. SeeCash v. Carter, 312 Ark. 41, 847 S.W.2d 18 (1993); Op. Att'y Gen.89-369. In determining employment, courts will look to various factors with the degree of control being the most universally accepted standard for establishing an employer-employee relationship.[2] Cash, supra.
According to your letter, the grant personnel "have performance accountability solely to the requirements of the grant" and "have objectives to attain related solely to the grant." You further state that each grant is subject to "mandatory oversight, and final justification on a regular and at year end intervals." In addition, you have indicated that you are the "authorizing official" on all of the grants rather than a county official.[3]
Although the county has agreed to administer the grant funds, it is my understanding that none of the grant positions were created by county ordinance and the county has not determined the amount of compensation for the grant personnel. See A.C.A. § 14-14-1203(a) (all compensation, including salary, allowed to any county officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county); A.C.A. § 14-14-1206 (quorum court of each county shall, by ordinance, fix the number and compensation of all county employees; a county employee is defined as any individual or firm providing labor or service to a county for salary, wages, or any other form of compensation.) You indicate that the expenditures for the grant programs are made from the county general fund pursuant to a voucher and claim system required by the grant authority. A county, however, is not prohibited from entering into a contract, and it appears that the county has simply agreed to administer the funds. Thus, without other evidence that the grant personnel are county employees, it is my opinion that the county's administration of the grant funds is not, in itself, a sufficient basis to conclude that the personnel are county employees. Seegenerally Op. Att'y Gen. 93-077 (copy enclosed).
With regard to your reference to the Arkansas Public Employees' Retirement System (APERS), "county employees" is defined for purposes of APERS as "all employees whose compensations are payable, either directly or indirectly, by county participating public employers. . . ." A.C.A. §24-4-101(10)(A) (Supp. 1997). Based upon the facts presented, it appears that the compensation for the grant personnel is provided by state and federal grants rather than by the county.[4]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] With regard to the remaining inquiries attached to your letter, conclusive determinations will depend upon a review of county ordinances, grant awards, and relevant facts.
[2] The court has defined an independent contractor as one who, exercising an independent employment, contracts to do work according to his own methods and without being subject to the control of the employer, except as to the results of the work, and have held that the right to control and not the actual control determines whether one is a servant or an independent contractor. Howard v. The Dallas Morning News,Inc., 324 Ark. 91, 918 S.W.2d 178 (1996).
[3] Although you state that you are the "authorizing official," you have not indicated that you have any "control" over the grant personnel.
[4] Assuming that the grant personnel are "employees" rather than independent contractors, it is likely that they would be considered state employees at least for purposes of APERS. Section 24-4-101(8)(A) provides: "`State employees' means all otherwise eligible employees whose compensations were, or are, payable from funds appropriated by the state and includes all employees whose compensations were, or are, payable in whole or in part from federal funds." It appears that the compensation for the grant personnel is paid from funds appropriated by the state or from federal funds. See Op. Att'y Gen. 93-077. If, however, there is any doubt as to whether a particular individual is a state or county employee within the meaning of the APERS laws, the Board of Trustees of the APERS has the final power to decide the question. A.C.A. § 24-4-101(8)(B) and § 24-4-101(10)(B).