The Honorable Barbara Webb Prosecuting Attorney Seventh Judicial District 102 S. Main Street Benton, Arkansas 72015
Dear Ms. Webb:
This is in response to your request for an opinion concerning "part-time public defenders" in Hot Spring County. According to your letter, on January 1, 1998, the existing part-time public defenders in Hot Spring County became employees of the State of Arkansas.[1] You have indicated that these attorneys originally contracted with Hot Spring County on November 1, 1993, to provide services as part-time public defenders for a period of six months. The parties continued to honor the original agreement until December 31, 1997, and, during that time, the public defenders were enrolled in the Hot Spring County health insurance program, had payroll taxes withheld by Hot Spring County, and received a W-2 form from Hot Spring County. Finally, you have stated that in anticipation of becoming employees of the State of Arkansas, the public defenders recently requested that Hot Spring County cover them in its retirement plan with the Arkansas Public Employees' Retirement System from November 1, 1993, to December 31, 1997. In light of the foregoing situation, you have presented the following questions:
 1. Would the part-time public defenders be considered employees of Hot Spring County (for the period from November 1, 1993, through December 31, 1997) given the above facts?
 2. Since the Arkansas Public Employees' Retirement System is qualified under sections of the Internal Revenue Service Code, is Hot Spring County required to retroactively include the public defenders?
 3. Does the current Hot Spring County Quorum Court have the authority to appropriate funds to retroactively pay for the requested retirement benefits?
 4. If the public defenders were qualified for participation in the Arkansas Public Employees' Retirement System from November 1, 1993, to December 31, 1997, have they waived their participation by not bringing this matter to the County's attention prior to October 1997?
Under Arkansas law, the question of employment is a question of fact. This office is neither equipped nor empowered to answer questions of fact; therefore, I cannot conclusively resolve whether the public defenders were employees of Hot Spring County from November 1, 1993, to December 31, 1997. I will, however, set forth some general legal principles that may be implicated under your question. Further, answers to your final three questions will depend upon the resolution of your first question.
The critical issue is whether the part-time public defenders were employees of Hot Spring County for purposes of the Arkansas Public Employees' Retirement System (APERS). See generally Op. Att'y Gen.93-077. Eligibility for membership in APERS is governed by A.C.A. §24-4-301 (Supp. 1997). Section 24-4-301(b) provides in part that "[a]ll county employees, as defined in § 24-4-101(7)-(11), . . . shall become members of the system as a condition of continuing in or obtaining county employment, as the case may be." For purposes of APERS, the phrase "county employees" means "all employees whose compensations are payable, either directly or indirectly, by county participating public employers. . . ." A.C.A. § 24-4-101(10)(A) (Supp. 1997). Further, the term "employees" means:
 [A]ll officers and employees of any office, agency, board, commission, including the Department of Higher Education, or department of a public employer whose compensations were, or are, payable from funds appropriated by the public employer and all otherwise eligible employees whose compensations were, or are, payable in whole or part from federal funds, . . .
A.C.A. § 24-4-101(7) (Supp. 1997). It must, however, be stated that, in any case of doubt, the Board of Trustees of APERS has the final power to decide the question of who is a county employee within the meaning of A.C.A. § 24-4-101 et seq. See A.C.A. § 24-4-101(10)(B).
Again, under Arkansas law, the question of employment is a question of fact which can only be decided on a case-by-case basis. See Cash v.Carter, 312 Ark. 41, 847 S.W.2d 18 (1993); Op. Att'y Gen. 89-369. In determining employment, courts look to various factors with the degree of control being the most universally accepted standard for establishing an employer-employee relationship. Cash, supra. The Arkansas Supreme Court has defined an independent contractor as one who, exercising an independent employment, contracts to do work according to his own methods and without being subject to the control of the employer, except as to the results of the work, and has held that the right to control and not the actual control determines whether one is a servant or an independent contractor. Howard v. The Dallas Morning News, Inc., 324 Ark. 91,918 S.W.2d 178 (1996).
With regard to your final three questions, answers to these questions will be necessary only if it is determined that the public defenders were eligible for membership in APERS as employees of Hot Spring County. If the public defenders were not eligible for membership in APERS, then questions concerning APERS payments are moot. Assuming, however, that the public defenders were eligible for membership in APERS as employees of Hot Spring County, it is my opinion that the county was required by state law to include the public defenders as members of APERS and to make contributions to APERS in behalf of the employees.[2]
Arkansas Code Annotated § 24-4-302 provides in part that all counties "shall be subject to the provisions of this act as participating public employers, and all counties shall, from and after July 30, 1959, include their employees, as defined in § 24-4-101(7)-(11), in the membership of the Arkansas Public Employees Retirement System[.]" The word "shall," when used in a statute, means the legislature intended mandatory compliance unless such an interpretation would lead to absurdity.Campbell v. State, 311 Ark. 641, 846 S.W.2d 639 (1993). Accordingly, it is my opinion that if the public defenders were employees of Hot Spring County, then the county was, and is, required to include such employees in the membership of APERS. Further, state law requires each county to contribute to APERS a set percentage rate of the compensations of its employees who are members. A.C.A. § 24-4-402(c)(1) (Supp. 1997); A.C.A. § 24-4-202(c) (Supp. 1997).
It is also significant that the Arkansas Public Employees' Retirement System Board of Trustees' Regulations contemplate retroactive payments. Regulation 43 provides in part:
 Persons employed by participating employers with the intent of working at least 90 consecutive days and for at least 80 hours per month during that period must be enrolled and reported to APERS. Persons not hired with that intent but who meet or exceed the requirements must be reported retroactively to the hire date. This applies to regular, part-time, and extra help employees including employees in a probationary status.
Further, I have found nothing in the statutes or regulations governing APERS that contemplates an employee waiving his or her membership in APERS because of his or her failure to notify the county of its obligation. It must, however, be stated that if the county were to make contributions to APERS for a period of time during which the public defenders were not employees for purposes of APERS, then the county's payment could be subject to challenge as an illegal exaction under Ark. Const. art. 16, § 13. See Op. Att'y Gen. 96-019.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 1341 of 1997 provides in part that effective January 1, 1998, the Arkansas Public Defender Commission shall be responsible for the payment of the salaries of public defenders.
[2] It should be noted that because state law is determinative of whether the public defenders were eligible for membership in APERS, it is unnecessary to address your question regarding the Internal Revenue Code. In any event, such a question of federal law is generally not within the scope of an Attorney General opinion.