# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE



FILED

September 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FIRST AMERICAN NATIONAL BANK,   )   BRADLEY CIRCUIT

) 

  Plaintiff/Appellant   )   NO. 03A01-9805-CV-00157

)

  )   HON. JOHN B. HAGLER

v.   )   JUDGE

)

KRISTE CHEATHAM,   )

)

  Defendant/Appellee   )   AFFIRMED

India M. Henson and Shelley D. Rucker, Chattanooga, for Appellant.

Rex A. Wagner, Cleveland, for Appellee.

## O P I N I O N

INMAN, Senior Judge

This is an action against a purported guarantor of a debt which was evidenced by a promissory note executed by Janet Bacon pursuant to a personal line of credit extended to her.[1]

In a banking transaction with the plaintiff on September 2, 1986, Janet Bacon and her daughter, Kriste Bacon Cheatham [defendant], opened a joint checking account with right of survivorship. Each signed a signature card, on which was printed:

> Each depositor shall be responsible for all debts and obligations incurred by a Depositor under any Personal Line of Credit Agreement *or any other open-end credit plan applicable to the account.* [our emphasis]

On July 1, 1987, Janet Bacon's application for *a personal line of credit* was approved by the plaintiff. Printed checks were issued to Ms. Bacon, bearing her name alone.

The defendant did not participate in the application, had no notice of it, and received no benefits from it. Ms. Bacon utilized the credit line as a revolving account for four years, and eventually defaulted.

---

[1] The action was commenced in the General Sessions Court on a "sworn account."

The plaintiff insists that Ms. Cheatham is liable as surety for Ms. Bacon because of the card provision which we have recited. To add palatability to its insistence, plaintiff argues that the line of credit - which was extended to Ms. Bacon more than one year after the joint account was opened - was merely an "extension" of the joint checking account. This argument arises from the language "any other open-end credit plan applicable to the account," absent which the plaintiff's action could not withstand even casual scrutiny, and is allegedly buttressed by the fact that the checks issued to Ms. Bacon for withdrawal of funds from the credit line bore the same account number as the joint deposit. The latter account represented funds owned by the two depositors, while the former represented funds owned by the bank.[2]

Each party filed a motion for summary judgment,[3] and the briefs do not suggest a disputed issue of material fact exists.

Janet Bacon, by affidavit, testified that the debt was hers alone, and that she alone drew checks against the line of credit, and that her daughter signed the signature card solely for survivorship purposes. This was not refuted.

The trial judge granted the motion of the defendant, stating that "the creation of such ruinous liability for the debts of another must be attended by far greater notice of danger, formality of instrument, detail of terms, and recitation of conditions than is even hinted in this case." It is difficult to disagree with this rationale simply as a matter of principle, but we think the peculiar circumstances activate T.C.A. § 47-4-401(b), which provides that "a customer is not liable for the amount of the overdraft if the customer neither signed the item nor benefitted from the proceeds of the item." While an overdraft in the traditional sense is not involved in the case at Bar, since Ms. Bacon executed a promissory note for the funds and was discharged in bankruptcy, we think the analogy is appropo.

The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

---

[2] The evidence does not indicate that the bank approved the line of credit to Ms. Bacon on the strength of any suretyship or guaranty of her daughter. This theory of recovery appears to have been developed in hindsight.

[3] Neither party claims the existence of a disputed issue of material fact, and each concedes the case may be disposed of by summary judgment pursuant to *Byrd v. Hall,* 847 S.W.2d 208 (Tenn. 1993).

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge