The Honorable Jonathan S. "Jon" Fitch Chairman, Legislative Joint Auditing Committee 172 State Capitol Little Rock, AR 72201-1099
Dear Senator Fitch:
This is in response to your request for an opinion on the following questions:
1. Are volunteer firemen considered employees of a city?
 2. May volunteer firemen participate in a city's group health and life insurance program?
 3. May a city pay 100%, or any portion of city funds, for health and life insurance premiums on behalf of volunteer firemen or their dependents?
 4. If a city may pay, or has paid, health and life insurance premiums for volunteer firemen and their dependents, should any of these amounts be considered income and reflected on forms W-2 or 1099?
 5. If a city may not pay these premiums, are the amounts paid for volunteer firemen or their dependents due back to the city?
RESPONSE
If the particular volunteer firemen in question are employed by a municipal fire department, it is possible that they could be considered employees of the city, depending upon all of the surrounding facts, including the degree of control exercised by the city over their work. The participation of such volunteer firemen in a city's group health and life insurance program is a questionable practice, unless it can be shown that the city exercises a degree of control over the firemen sufficient to establish an employer-employee relationship. If the employment relationship is in fact established, then the city's payment of insurance premiums on behalf of the firemen and their dependents may well be lawful. The question of whether any premium payments should be considered income for tax purposes cannot be resolved in an opinion from this office.
Question 1 — Are volunteer firemen considered employees of a city?
It must be initially noted in addressing this, as well as your remaining questions that the term "volunteer firemen" may have reference to firemen serving in one of any number of legal entities. Volunteer fire departments may be incorporated under Arkansas law as purely private nonprofit corporations collecting dues or membership fees, as fire protection or suburban fire improvement districts (see A.C.A. §§ 14-284-101et seq., 14-284-201 et seq., and 14-92-201 et seq.), or as county departments or subordinate service districts (A.C.A. §§ 14-20-108 (c) and14-14-708 and -709). Additionally, although the statutes authorizing the creation of municipal fire departments do not refer to such departments as "volunteer" departments (see A.C.A. § 14-53-101), my experience is that some municipalities routinely characterize their departments as such.
It would seem that the question regarding a volunteer fireman's status as a city employee could only reasonably arise in the case of an organized municipal fire department. I will therefore assume that your questions are asked with regard to volunteer firemen employed in the fire department of a city, and not with reference to volunteer firefighters who work for separately organized nonprofit corporations. These persons in my opinion are clearly not city employees. I also assume that by the term "volunteer" you mean that unlike salaried employees, the firemen in question are paid when they are called upon to render fire service duties.
Regarding the status of such firemen as city employees, my research has yielded no statute addressing this general question. In the context of retirement benefits, there is a distinction between "paid service" credited to a member for his employment as an "employee," and "volunteer service" credit. See A.C.A. § 24-10-501 (local police and fire retirement system). The statute requiring that cities provide workers' compensation coverage for fire fighters also reflects a distinction between "employees" and "volunteer fire fighters." See A.C.A. § 14-60-101(a) (requiring coverage for municipal "officials, employees, and volunteer fire fighters.")
These statutes may offer some support for the proposition that volunteer firemen are not considered employees of a city. Obviously, however, these statutes apply in specific contexts. As noted above, I have found no support for a general pronouncement one way or the other concerning the status of volunteer firemen as "employees." Ordinarily, in determining whether an "employment" relationship exists, the Arkansas Supreme Court has emphasized the importance of an employer's control over the individual. See, e.g., Cash v. Carter, 312 Ark. 41, 847 S.W.2d 18
(1993). See also BLACK'S LAW DICTIONARY 471 (5th ed. 1979) (defining "employee" as "[a] person in the service of another . . . where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed.") Applying this definition clearly requires reference to the surrounding facts. I thus conclude that volunteer municipal firemen could, as a general matter, be considered employees of a city depending upon the degree of control exercised by the city. This issue requires factual determinations that are not within the limited scope of an Attorney General opinion.
Question 2 — May volunteer firemen participate in a city's grouphealth and life insurance program?
It is my opinion that the answer to this question will in all likelihood turn on whether the particular firemen at issue may properly be considered "employees" of the city. In accordance with A.C.A. §14-43-601(a), which delineates "municipal affairs" (over which a city has full legislative power) and "state affairs" (which are subject to the general laws of the state), "fringe benefits of employees" is a state affair. A.C.A. § 14-43-601(a)(1)(G) (emphasis added). I have found no authority for extending fringe benefits to individuals other than "employees," and indeed such a practice would likely run afoul of the constitutional prohibition against a city appropriating money for or lending its credit to private individuals. See Ark. Const. art. 12, § 5.
As noted above, there is no general pronouncement in the law regarding the status of volunteer firemen as "employees." As further noted, it may be contended as a factual matter that the particular individuals in question should be considered "employees" if the city directs the means and methods by which their work is done. See discussion, supra. I lack sufficient information to make this determination, and in any event I am not well situated to act as a factfinder in resolving such matters.
Question 3 — May a city pay 100%, or any portion of city funds, forhealth and life insurance premiums on behalf of volunteer firemen ortheir dependents?
Once again a determination must be made regarding the volunteer firemen's status. If the firemen are, in fact, "employees," then according to my research the answer to this question is in all likelihood "yes." Although I have found no reported Arkansas cases on point, the weight of authority from other jurisdictions supports a city's payment of insurance premiums on behalf of employees and their dependents as additional compensation to the employee which serves a public purpose. See, e.g., Riddlestorffer v.City of Rahway, 196 A.2d 550 (N.J.Super.Ct. Law Div. 1963), and cases cited therein.
There appears to be no flat Arkansas statutory prohibition against such a practice. Nor, according to my research, is there any state law specifying the methods that a city may or must utilize to provide a health care plan for its employees. Although, as noted above, the matter of "fringe benefits" of municipal employees is a "state affair" subject to the general laws of the state, I have found no conflicting state law that would prevent a city from making premium payments on behalf of employees' dependents as part of the employees' fringe benefits. It should perhaps be noted, however, that this issue may ultimately require judicial review, as there are currently no reported Arkansas cases addressing the matter.
Question 4 — If a city may pay, or has paid, health and life insurancepremiums for volunteer firemen and their dependents, should any of theseamounts be considered income and reflected on forms W-2 or 1099?
This question is, I believe, appropriately addressed to taxation authorities, including the Revenue Division of the Department of Finance and Administration as regards state income tax, and the Internal Revenue Service as regards federal income tax. In accordance with A.C.A. §26-51-404(b)(15) (Supp. 1999), Sections 104-106 of the federal Internal Revenue Code of 1986, regarding the exclusion of health plan payments from income, are adopted for purposes of computing Arkansas income tax liability. This office has no particular expertise in matters of federal taxation. Specific questions in this regard should therefore be addressed to the appropriate taxation authorities.
Question 5 — If a city may not pay these premiums, are the amounts paidfor volunteer firemen or their dependents due back to the city?
If in a particular case, applying the above analysis, it is determined that payment of the premiums is not authorized, then the answer to this question is "yes." The unauthorized payments will be due back to the city. As noted above, however, this may turn on factual issues that cannot be conclusively resolved in the limited format of an opinion from this office.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh