The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for my opinion regarding whether victim assistance coordinators (also known as victim/witness coordinators) in the Fifth Judicial District should be included in the Arkansas Public Employees' Retirement System ("APERS"). In your request, you have itemized the following relevant facts:
 1. The victim/witness coordinators are not paid by the county and are not subject to control by the county.
 2. The victim/witness coordinators are paid through a federal grant administered by the Department of Finance and Administration and receive their checks through my office as the grant recipient.
 3. The activities of the victim/witness coordinators are governed and controlled by the Department and Finance Administration [sic] to such a degree that the coordinators are not allowed to do any work outside their job duties as performing clerical work for the prosecuting attorney's office, assisting in the preparation of the grant application for victim/witness coordinators, and entry of data into the VINE system.
 4. Basically, the county has no superintending authority over the coordinators, nor does the county provide any pay or benefits for the coordinators. As set out above, the State, through the Department of Finance and Administration, exercises some superintending control of the coordinators.
Based on these facts, you have asked me to answer the following questions:
 1. Are victim assistance coordinators who are paid through a federal grant administered by the Department of Finance and Administration and who receive their checks through my office as the grant recipient eligible for retirement benefits through the APERS program?
2. If so, are they eligible as county employees or as state employees?
RESPONSE
In my opinion, under the facts as you have reported them, the Fifth Judicial District victim assistance coordinators (hereinafter "the coordinators"), are probably eligible for the APERS program as state employees. However, the determination of whether the coordinators are eligible" employees" or ineligible "independent contractors" is one of fact that I am neither equipped nor authorized to answer. This determination must ultimately be made by the APERS Board of Trustees.
Question 1: Are victim assistance coordinators who are paid through afederal grant administered by the Department of Finance andAdministration and who receive their checks through my office as thegrant recipient eligible for retirement benefits through the APERSprogram?
I believe the answer to this question is probably "yes." Eligibility for membership in APERS is governed by A.C.A. § 24-4-301 (Supp. 1999). Subsection (a)(1) provides that" all state employees, as defined in §24-4-101(7), shall become members . . . as a condition of employment." Subsection (b) provides that "[a]ll county employees, as defined in §24-4-101(7)-(11), who are in the employ of a county . . . shall become members of the system as a condition of . . . continuing in or obtaining county employment, as the case may be."
The issue, then, is whether the coordinators qualify as either state or county employees. This question can be further broken down into two parts: Are the coordinators "employees" and, if so, are they "public" or "private" employees? Subsection 24-4-101(A)(1)(a) of the Code defines "employees" as follows:
 "Employees" means all officers and employees of any office, agency, board, commission, including the Department of Higher Education, or department of a public employer whose compensations were or are payable from funds appropriated by the public employer and all otherwise eligible employees whose compensations were or are payable in whole or part from federal funds, as well as the official court reporters and stenographers of the circuit and chancery courts of the state and all of the prosecuting attorneys of the judicial districts of Arkansas.
You have indicated that the coordinators are paid exclusively with federal funds disbursed through your office, although they are supervised at least in part by the Department of Finance and Administration. The statute that authorizes the coordinators' position characterizes "`victim of crime case coordinators'" as "employees" of the prosecutor's office. A.C.A. § 16-21-106(e)(2). You have further indicated that your office is the "grant recipient." It would appear to follow that the coordinators are" employees" of an "office . . . whose compensations were or are payable . . . in whole or part from federal funds," thus qualifying them as "employees" for purposes of determining APERS eligibility. However, this conclusion is based on an assumption that the coordinators were not retained as self-directing independent contractors who would not qualify for APERS coverage. APERS has informed me that in determining eligibility, it regularly considers the facts to determine whether an individual qualifies as an independent contractor under IRS standards. As I have previously noted in Ark. Op. Att'y Gen. No. 99-286, the state Attorney General lacks the authority or expertise to render an opinion on this issue, which concerns a matter specifically within the regulatory jurisdiction and authority of a federal agency. Moreover, you have failed to provide me with any paperwork relating to the coordinators' functions and supervision — materials the APERS Board will doubtless review in making its determination on this issue.
Assuming the coordinators could not be classified as independent contractors, the question becomes whether they qualify as state or county employees. Subsection 24-4-101(8)(A) (Supp. 1999) of the Code defines "state employees" as follows:
 "State employees" means all otherwise eligible employees whose compensations were, or are, payable from funds appropriated by the state and includes all employees whose compensations were, or are, payable in whole or in part from federal funds.
(Emphasis added.) Under the facts you have recited and the assumption set forth above, this definition clearly applies to the coordinators, and they should consequently be included in APERS as state employees. This conclusion is only buttressed by the following facts: (1) the Arkansas Department of Finance and Administration, a state agency, apparently supervises the coordinators' activities; and (2) A.C.A. § 16-21-106(e)(2) identifies coordinators as the employees of a state officer. See Ark. Const. art. 7, § 24 (establishing prosecuting attorneys as judicial officers of the state).
Question 2: If so, are they eligible as county employees or as stateemployees?
As just noted, assuming they are not independent contractors, in my opinion coordinators clearly qualify as state employees. Based on the limited facts before me, I further believe the coordinators do not alternatively qualify as "county employees." Under Arkansas law, the question of employment is one of fact. See Cash v. Carter, 312 Ark. 41,847 S.W.2d 18 (1993); Ark. Op. Att'y Gen. No. 89-369. In determining employment, courts will look to various factors, with the degree of control being the most important. Cash, supra. As discussed above, I consider it highly significant that agents of the state apparently supervise the coordinators, although you have not indicated the extent of that supervision. I am unaware of certain other potentially significant facts, such as whether the coordinators' positions were authorized by the quorum court; whether their compensation from the grant funds was set by the quorum court; and whether the grant funds are deposited into and distributed from the county general fund. See attached Ark. Op. Att'y Gen. No. 97-359 (conducting such an analysis with respect to the Baxter County Juvenile Services Department). However, even if each of these questions were answered in the affirmative, I believe the APERS Board of Trustees, which is empowered finally to determine whether a worker is a state or county employee, A.C.A. §§ 24-4-101(8)(B) and (10)(B), would probably still classify the coordinators as state employees based upon the source of their funding and the fact of state supervision over their activities.[1]
Significantly, the coordinators do not appear to fall under the definition of "county employees" set forth at A.C.A. § 24-4-101(10)(A):
 "County employees" means all employees whose compensations are payable, either directly or indirectly, by county participating public employers. . . .
Although you have specified that the coordinators "are not paid by the county," you have also indicated that they are paid through your office "as the [federal] grant recipient." I am uncertain precisely what the legislature meant in referring to "indirect" compensation issuing from the county, but I do not believe this term could apply to federal grants channeled through your office, since the county is not ultimately providing this compensation. Moreover, as noted above, you are an officer of the state, not the county, and the fact that payment channels through you consequently would not support the conclusion that the coordinators are county employees. Accordingly, again assuming they are not independent contractors, in my opinion the coordinators should be classified as state employees.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh
Enclosure
[1] In Ark. Op. Att'y Gen. No. 93-077, my predecessor reached a contrary conclusion with respect to the victim/witness coordinator in the Thirteenth Judicial District. This office based its opinion on the following analysis:
With regard to the position of Victim/Witness Coordinator, you have attached a copy of an ordinance which levies the five dollar court cost authorized at A.C.A. 16-21-106(b)(2)(B)(i) (Cum. Supp. 1991), and which provides that the funds collected shall be placed into a special fund on the County Treasurer's books to be used exclusively to pay the cost of the prosecutor's "Victims of Crime Program," all as authorized by A.C.A.16-21-106. The ordinance also creates the position of "Victims of Crime Case Coordinator."
 It is my opinion that this state of facts is sufficient to render the Victim/Witness Coordinator a "county employee" for purposes of A.C.A. 24-4-101(10). In my opinion, this person's compensation is payable directly or indirectly by the county for purposes of this provision, and is" appropriated by the public employer" for purposes of A.C.A. 24-4-101(7)(A)(i). (Monies drawn out of the county treasury must be preceded by an appropriation. A.C.A. 14-14-1102(b)(2)(C)(i)). The position has also been created by county ordinance.
I agree with the opinion just quoted, since the facts in that case clearly reflected that the county funded the position under a statute since repealed by the 1999 amendment of A.C.A. § 16-21-106.
As previously noted, A.C.A. § 16-21-106(e)(2) currently authorizes the county quorum court to provide a prosecutor with victim/witness coordinators at county expense. I am informed by the Prosecutor Coordinator's Office that various districts follow this system, as opposed to funding coordinators through federal grants. Although it is not the subject of your request, in my opinion coordinators compensated and supervised by county officials qualify as "county employees" and are consequently likewise eligible for APERS coverage.