The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, Arkansas 72740-9649
Dear Representative Hathorn:
I am writing in response to your request for an opinion on whether municipal court clerks are considered employees of the city or the county. You state that "[p]ersonnel problems, i.e. employee compensation issues, have caused this question to be raised."
RESPONSE
In my opinion it is difficult to classify municipal court clerks in a blanket fashion as either "city" or "county employees" for all purposes. This is true for several reasons.
First, the organization and funding of municipal or "district"[1]
courts may vary from court to court, depending upon the locale and the particular subchapter of the Arkansas Code under which the court was created. In many instances, the city and the county equally share the expense of the municipal court clerk's salary. See A.C.A. § 16-17-115
(Repl. 1999) (stating that "[e]xcept as authorized otherwise, the county wherein a municipal court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the municipal courts organized in that county under the provisions of § 16-17-201 et seq. and § 16-17-301
et seq . . ."). This is not always the case, however. See A.C.A. §16-17-108, as amended by Act 1714 of 2001(which comprehensively sets salaries or salary ranges for municipal judges and clerks and which in some instances details an other than equal apportionment of municipal court salaries between the respective city and county).
Second, payment of salary alone does not equate to a finding of "employment" by the entity paying the salary. Your question is whether municipal court clerks are considered "employees" of the city or of the county. Even if the city or county or some combination thereof pay the municipal court clerk's salary, that fact does not conclusively establish the clerk as an "employee" of that entity. Arkansas law dictates that the "judge of any municipal court may appoint a clerk for the court. . . ." A.C.A. § 16-17-211(a). The municipal judge thus has some authority in appointing, controlling and directing the work of the municipal court clerk and this is a relevant factor in determining employment status. Seee.g., Carter v. Cash, 312 Ark. 41, 847 S.W.2d 18 (1993) (the most important factor in determining an employment relationship is the right to control the activities of the employee, not necessarily the payment of salary). It is possible, therefore, that for some purposes municipal court clerks are neither employees of the city or county, but employees of the municipal court judge.
Finally, as indicated above, the answer to the question you pose may depend upon the particular context. It is impossible to state in the abstract whether municipal court clerks are "city employees," or "county employees" for all purposes. If you are interested in the method of payment of a particular municipal clerk's salary, it is necessary to first reference A.C.A. § 16-17-108 for a particular provision governing that court. Absent any such provision, A.C.A. § 16-17-115, which provides for an equal contribution from the city and county towards the clerk's salary, may govern if the court was one created under A.C.A. § 16-17-201et seq. or § 16-17-301 et seq. Retirement benefits of municipal judges and clerks are governed by A.C.A. §§ 24-8-301 to -319, and are generally funded through the city administration of justice fund. See A.C.A. §16-10-308(b)(1). As to any other benefit entitlements, reference to the facts surrounding the creation of a particular court would be necessary. Failing more specific information as to the exact focus of your question, I am constrained to opine in the above general fashion.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] See Arkansas Constitution, Amendment 80. It is unclear what effect Amendment 80 has on the issue you raise. That constitutional amendment, some of which has yet to be implemented, revised the judicial article of the Arkansas Constitution and establishes "district courts" as trial courts of limited jurisdiction as to amount and subject matter.