Allen C. Meadors, Ph.D., FACHE President, University of Central Arkansas
201 Donaghey Avenue Conway, Arkansas 72035
Dear Mr. Meadors:
You have requested my opinion concerning A.C.A. § 6-67-102, which in relevant part provides that "employees of any state department, state agency, or state institution shall be ineligible for membership on the [Board of Trustees of the University of Central Arkansas]. . . ."[1]
Specifically, you have asked for my opinion "on whether or not a person serving as a guest lecturer of an academic department, without remuneration of any kind, would be deemed to be an `employee' of the University so as to prohibit such person from serving on the UCA Board of Trustees under [A.C.A. § 6-67-102][?]"
As further background for your question, you report that this "guest lecturer" would co-teach a three-hour course free of charge, on a voluntary basis. You state:
 In his capacity as a guest lecturer, the person would not be compensated in any manner or receive any employee benefits. He would not receive any remuneration of any kind for his teaching services. His teaching services would be free of charge and performed for the department on a voluntary basis. As part of his duties, he may have office space and a computer provided as other lecturers and teaching faculty receive in order to prepare for class instruction, as well as to advise and counsel students. *Page 2 
RESPONSE
Determining whether the guest lecturer is an "employee" for purposes of the prohibition under subsection 6-67-102(c)(2)(A) will in my opinion entail an inquiry into the facts of the particular relationship — a task this office is neither authorized nor equipped to undertake. While I consequently cannot definitively resolve the matter, I will set forth some general legal principles that may be implicated under your question.
Section 6-67-102 does not define the term "employees." Nor can I provide a definition of a term that has been left undefined by the legislature. It might be contended that the term "employees" under this statute is limited to persons paid from positions that have been authorized by the General Assembly.[2] But my research has yielded no satisfactory support for that proposition when addressing A.C.A. § 6-67-102.
On the other hand, there is ample general support for opining that the question of employment is a question of fact to be decided based on various factors.[3] The Arkansas Supreme Court has stated: "In determining employment, we look to various factors with the degree of control being the most universally accepted standard for establishing an employer-employee relationship."[4] As one of my predecessors noted in Op. Att'y Gen. 2001-202, ". . . payment of salary alone does not equate to a finding of `employment' by the entity paying the salary." In that *Page 3 
opinion it was concluded that even if a city or county or some combination thereof paid the municipal court clerk's salary, that fact did not conclusively establish the clerk as an "employee" of that entity. My predecessor placed emphasis on the fact that the municipal judge appointed the clerk and relied upon Carter v.Cash, supra at n. 3, for the proposition that the "most important factor in determining an employment relationship is the right to control the activities of the employee, not necessarily the payment of salary."[5]
A similar statement was made in Op. Att'y Gen. 99-346, regarding the employment status of volunteer firefighters:
 Ordinarily, in determining whether an `employment' relationship exists, the Arkansas Supreme Court has emphasized the importance of an employer's control over the individual. See, e.g., Cash v. Carter, 312 Ark. 41, 847 S.W.2d 18 (1993). See also BLACK'S LAW DICTIONARY 471 (5th ed. 1979) (defining `employee' as `[a] person in the service of another . . . where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed.) Applying this definition clearly requires reference to the surrounding facts.
In Office of Emergency Services v. Home Insurance Co.,2 Ark. App. 1885, 190, 618 S.W.2d 573 (1981), the Arkansas Court of Appeals recited certain additional factors adopted by the Supreme Court:
 In Southern Farm Bureau Cas. Co. v. Tuggle, 270 Ark. 106, 603 S.W.2d 452 (Ark.App. 1980), this Court outlined several factors to be considered in determining whether an employer-employee relationship exists:
 (1) the right to terminate employment before the job is finished;
 (2) the amount of compensation being calculated on a time basis; *Page 4 
 (3) which party furnished materials and equipment;
 (4) and the employer's ability to exercise some degree of control of the manner of doing the work.
In my opinion, therefore, an issue of fact is presented as to whether the "guest lecturer" in question is an "employee" within subsection 6-67-102(c)(2)(A)'s proscription against service on the Board of Trustees. Because I am not empowered as a factfinder in the issuance of Attorney General opinions, I cannot definitively resolve this issue. The issue should instead be presented to the Board's local counsel who will be better positioned to evaluate all the facts and apply the above legal analysis.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 6-67-102(c)(2)(A) (Supp. 2009).
[2] Compare A.C.A. § 19-4-521(2)(D) (Repl. 2007) (part of the General Accounting and Budgetary Procedures Law defining a "state employee," for purposes of prohibiting extra-help compensation, as "any employee occupying a regular salaried position for a state agency, board, commission, department, or institution of higher education.); A.C.A. § 21-5-410(b) (Supp. 2009) (conditioning membership of a state employee in the group health insurance program upon "the employee being in a budgeted state employee position or a position authorized by the General Assembly.")
[3] See Op. Att'y Gen. 98-324 (citing Cash v. Carter,312 Ark. 41, 847 S.W.2d 18 (1993).
[4] Cash v. Carter, supra n. 3, 312 Ark. at 44. Seealso Sandy v. Salter, 260 Ark. 486, 542 S.W.2d 929 (1976);Haavistola v. Community Fire Co. of Rising Sun, Inc.,1993 WL 388330 (4th Cir. 1993) (stating that the common law standard traditionally used in deciding whether an individual can claim employee status emphasizes the importance of an employer's control over the individual.); Craddock Moving StorageCo. v. Settles, 427 S.E.2d 428 (Va.Ct.App. 1993) (stating one is an "employee" of another if the person for whom he or she works has the power to direct the means and methods by which the work is done.)
[5] Op. 2001-202 at 2. *Page 1